THE WESTERN HOME INSURANCE COMPANY, *of Sioux City, Iowa*, v. S. R. HOGUE.

1. CASE-MADE—*Entire Evidence—Certificate*.    Where a case is made and settled for the supreme court, and the party making it desires that it shall be shown that the case contains all the evidence that was introduced on the trial, a statement to that effect should be inserted in the case itself and not in the certificate of the judge who settles the case.    (*Eddy v. Weaver*, 37 Kas. 540.)

2. INSURANCE COMPANY—*Renewal of Policy—Authority of Agent*.    Where an insurance company holds out an agent in the community in which such agent is doing business as its general agent, and third parties transact business with him as such agent in good faith and without knowledge of his limited authority, the acts of such an agent bind the company; and where such agent is shown to have had authority to renew policies in any manner, and he does renew a policy in a manner not authorized by the company, but that fact is not known to the insured, the agent's renewal must bind the company.

*Error from Johnson District Court.*

ACTION brought by the plaintiff in error in the district court of Johnson county to recover upon a policy of fire insurance. Trial by the court, at the May term, 1887, which made special findings of fact and conclusions of law, and upon such facts and conclusions, rendered judgment for the plaintiff. The findings of fact and conclusions of law are as follows:

"1. Upon the third day of August, 1885, the defendant, by its policy of insurance No. K–684, duly signed by the president and secretary of the defendant, and countersigned by the duly-authorized agent at Spring Hill, Kansas, did insure the plaintiff against loss or damage by fire, to an amount not to exceed five hundred dollars, on his general stock of hardware, cutlery, tin-plate, tinners' stock, stoves, farm implements, wagons, pumps, fruit cans, barbed wire, and such other goods as are usually kept for sale in country retail hardware and implement stores (his own and held by him on commission); all contained in the two frame buildings situated adjoining (one attached) on lots Nos. 12 and 13, block No. 2, Sprague's addition to Spring Hill, Kansas, with permission to keep for sale fifty pounds of blasting-powder and twenty-five pounds of gunpowder in close metal cans, sold only by daylight, and with $2,700 other concurrent insurance permitted (subject to the terms and conditions expressed in said policy) for a period of one year, to wit: From the 3d day of August, 1885, at noon, to the 3d day of August, 1886, at noon. Said policy is attached to the petition of the plaintiff herein.

"2. As a consideration for said insurance, the plaintiff paid to the defendant the sum of twenty dollars.

"3. Upon the 3d day of August, 1886, the plaintiff paid to G. C. Hunter, then the duly-authorized agent of the defendant at Spring Hill, Kansas, the sum of twenty dollars as a consideration for the renewal of said policy for one year, to wit: From the 3d day of August, 1886, at noon, to the third day of August, 1887, at noon; and said G. C. Hunter, for and in consideration thereof, issued to the plaintiff a renewal receipt, which is attached to the petition herein. And the said G. C. Hunter appropriated the said twenty dollars to his own use, and never reported any renewal of said policy to the defendant, and the officers of the defendant never knew of any re-

newal, or attempted renewal, of said policy until after the fire hereinafter mentioned.

"4. Said G. C. Hunter was duly authorized by defendant insurance company to issue policies of insurance, sent to him in blank by the company; to receive the premium therefor, and renew outstanding and expiring policies, by issuance of a new policy, but not by renewal receipt. Plaintiff, at the time he paid twenty dollars and received said renewal receipt therefor, believed, and had reason to believe, that Hunter had authority to issue the renewal receipt, and had no notice to the contrary, defendant having held out said Hunter as its general agent at Spring Hill, Kansas.

"5. Upon the 9th day of November, 1886, the property mentioned in said policy was destroyed by fire, and was, at the time said fire originated, of the value of twenty-six hundred dollars.

"6. On the 9th day of November aforesaid, an agent of the defendant, duly authorized to adjust and pay losses, refused, upon request, to settle said loss, and placed his refusal upon the ground that said Hunter had no authority to issue said renewal receipt aforesaid. Within the time required by said policy the plaintiff notified the defendant of the loss in accordance with the terms of said policy, which said proofs of loss were retained by defendant, without objection either to the substance or form thereof.

"7. No part of the said sum of five hundred dollars, mentioned in said policy, has been paid by the defendant."

As a conclusion of law the court found that the plaintiff was entitled to recover of the defendant the sum of $450 and costs of suit. Judgment accordingly. Defendant brings the case here.

*Sperry Baker*, for plaintiff in error.

*S. T. Seaton*, for defendant in error.

Opinion by CLOGSTON, C.: Plaintiff in error contends that the findings of fact are not supported by the evidence. Upon this question it is insisted by the defendant in error that the record does not purport to contain all the evidence offered or given at the trial; that the only recital to that effect is con-

tained in the certificate of the trial judge to the made case, which certificate recites that it contains all the evidence offered at the trial, and upon examination of the case this claim is found to be correct. This question has been thoroughly discussed and settled by this court in *Eddy v. Weaver*, 37 Kas. 540, in which it was held that a case must contain the recital, and not the certificate of the judge who settles the case. This disposes of this question.

The only remaining question left is, do the pleadings and findings of the court sustain the judgment? It is not claimed by the plaintiff in error that the findings do not support the judgment. It is perhaps in this connection necessary to notice the one question raised by the plaintiff in error upon the findings of the court. The court found that the agent who made this renewal certificate had authority to renew policies, though not in the manner of renewal certificates, but by issuing new policies. Now it is contended by the plaintiff in error that the agent not being authorized to issue renewal certificates, and the fact that the company did not so renew its policies, the acts of this agent would not bind the company. Where it is shown, as in this case, that the agent is a general agent, and is so held out to the community in which he does business, and third parties transact business with him as such agent, in good faith, without knowledge of his limited authority, the acts of such an agent must bind the principal; and where the agent is shown to have authority to renew a policy in any manner, and he does renew a policy in a manner not authorized by his company, but that fact is not known to the insured, the agent's renewal must bind the company. (*Am. Cent. Ins. Co. v. McLanathan*, 11 Kas. 533; *Mutual Life Ins. Co. v. Wilkinson*, 80 U. S. 222.)

In *Baubie v. Ætna Ins. Co.*, 2 Dill. 156, it was said:

"A local agent of a foreign insurance company, empowered to solicit insurance, receive premiums, and to issue and deliver policies, has, in favor of third persons dealing with him in good faith, and without notice of any restriction on his authority, power to bind the company by a parol contract to

renew the policy from time to time during plaintiff's owner-ship of the property."

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.