ELIZA JANE MOORE, Appellant, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY et al., Respondents.

The theory upon which an action at law may be supported against an elevated railroad company by an abutting owner upon a street through which it runs, is that it is in such sense a trespasser or wrong-doer as to be liable to such owner for all the injuries resulting proximately from the wrongful act of maintaining and operating its road.

The continued invasion of the privacy of the occupant of a building, where it has the effect to reduce the rental value is such an injury, and for the damages so resulting the company is liable.

While the looking in at the windows of a dwelling, by the patrons and employes of an elevated railroad company, from its platform and the

stairs leading to the same, is not the act of said company, as the latter furnishes the means and opportunity and by its invitation and procurement for the purpose of its business, brings those persons where they can thus invade the privacy of said dwelling, it is liable for the damages thus occasioned.

(Argued December 10, 1891; decided January 26, 1892.)

Appeal from judgment of the General Term of the Court of Common Pleas of the city and county of New York, entered upon an order made February 3, 1890, which affirmed a judgment in favor of defendants entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Stanley W. Dexter* for appellant.    The court erred in instructing the jury to exclude the element of noise from their consideration in assessing the damage. (*Kane* v. *M. R. Co.*, 125 N. Y. 164; *Jones* v. *M. E. R. Co.*, 39 N. Y. S. R. 177; *Bruen* v. *M. R. Co.*, Id. 86; *Isaacson* v. *N. Y. C. & H. R. R. R. Co.*, 94 N. Y. 278; *Pearce* v. *Langfit*, 101 Penn. St. 512; *Gilbert* v. *F. & P. M. R. Co.*, 51 Mich. 488.)    The court erred in instructing the jury to exclude the elements of vibration and loss of privacy from their consideration in assessing the damages. (*Duke of Buccleugh* v. *Metropolitan Board*, L. R. [5 H. L. Cas.] 418; *B. & P. R. R. Co.* v. *F. B. Church*, 108 U. S. 317, 335; *Bostock* v. *N. S. R. Co.*, 5 DeG. & S. 584; *Walker* v. *Brewster*, L. R. [5 Eq.] 25; *Inchbald* v. *Robinson*, L. R. [4 Ch. App.] 388; *Rex* v. *Moore*, 3 B. & Ad. 184.)    In cases of misdirection by the court the inquiry is not whether the jury were actually misled by the instructions given, but whether the instructions were calculated to mislead them. (*Benham* v. *Cary*, 11 Wend. 83; *Erben* v. *Lorillard*, 19 N. Y. 299; *Lane* v. *Crombie*, 12 Pick. 177; *Wardell* v. *Hughes*, 3 Wend. 418; *Wilson* v. *Rastall*, 4 T. R. 758.)    The court erred in excluding the evidence of a tenant who had left the premises as to the reason of her leaving. (*McKown* v. *Hunter*, 30 N. Y. 628; *Sweet* v. *Tuttle*, 14 id. 465; *Bank* v. *Kennedy*,

17 Wall. 27.) Under any aspect of the case the plaintiff was entitled to nominal damages; and the right to the street easements being in question, a new trial will be granted, as a property right is affected. (*Hyatt* v. *Wood*, 3 Johns. 239; *Herrick* v. *Stover*, 5 Wend. 580; *McConihe* v. *N. Y. E. R. R. Co.*, 20 N. Y. 495; *Dean* v. *M. E. R. Co.*, 119 id. 540; *Kelly* v. *N. Y. & M. B. R. R. Co.*, 81 id. 233; *Bruen* v. *M. R. Co.*, 39 N. Y. S. R. 86; *Jones* v. *M. E. R. Co.*, Id. 177; *Dinehart* v. *Wells*, 2 Barb. 232; *Horton* v. *Jordan*, 32 N. Y. S. R. 920; *Crowell* v. *Smith*, 35 Hun, 182.)

*Brainard Tolles* for respondents. There are no valid exceptions to the admission or exclusion of evidence. (*Hess* v. *Blakeslee*, 2 N. Y. S. R. 311; *Bayliss* v. *Cockroft*, 81 N. Y. 371; *Dillon* v. *Anderson*, 43 id. 236; *McGean* v. *M. R. Co.*, 117 id. 219; *In re N. Y. E. R. R. Co.*, 40 N. Y. S. R. 147.) It was not error to instruct the jury that plaintiff could not recover damages occasioned by a change in the character of the neighborhood, even though caused by the construction of defendants' railroad. (*In re Ingraham*, 64 N. Y. 310; *Greene* v. *N. Y. C. R. R. Co.*, 12 Abb. [N. C.] 149; *Tallman* v. *M. E. R. R. Co.*, 121 N. Y. 119; *S. A. R. Co.* v. *M. E. R. Co.*, 56 Hun, 182; *Dorland* v. *R. R. Co.*, 46 Penn. St. 520; *Hatfield* v. *C. R. Co.*, 33 N. J. L. 251.) There was no error in the charge on the subject of noise and vibration. (*People* v. *Guidici*, 100 N. Y. 509; *Doyle* v. *N. Y. E. & E. Infirmary*, 80 id. 631; *Chipman* v. *Palmer*, 9 Hun, 517; 77 N. Y.—; *Groat* v. *Gile*, 1 id. 431; *Oldfield* v. *N. Y. & H. R. Co.*, 14 id. 310; *Jones* v. *Osgood*, 6 id. 233; *Haggart* v. *Morgan*, 5 id. 422; *Caldwell* v. *Murphy*, 11 id. 416; *Decker* v. *Matthews*, 12 id. 313; *Stone* v. *W. T. Co.*, 38 id. 240; *Willets* v. *S. M. Ins. Co.*, 45 id. 45; *Magee* v. *Badger*, 34 id. 247; *Sanford* v. *Crocheron*, 8 Civ. Pro. Rep. 146; *Hochreiter* v. *People*, 2 Abb. Ct. App. Dec. 303.) The sufficiency of the evidence to support the verdict is a question not raised by the record, but if it were the decision of the court below in that regard is correct. (*Schwinger* v. *Raymond*, 105 N. Y. 648;

*Rundell* v. *Butler,* 10 Wend. 119 ; *Ellsler* v. *Brooks,* 22 J. & S. 73 ; *Reading* v. *Gray,* 5 id. 79 ; *Brantingham* v. *Fay,* 1 Johns. Cas. 255 ; *Hyatt* v. *Wood,* 3 Johns. 239 ; *Devendorf* v. *Wert,* 42 Barb. 230 ; *Jennings* v. *Loring,* 5 Ind. 250.)

Bradley, J. The plaintiff, life tenant of a house and lot at the north-east corner of Greenwich and Franklin streets in the city of New York, brought this action to recover damages alleged to have been suffered by her by the maintenance and operation of the New York Elevated Railroad (of which the Manhattan Ry. Co. was the lessee), in Greenwich street in front of her premises, and the erection and maintenance of a station for passengers to go onto and depart from the cars, which station was near to the plaintiff's house, in front on Greenwich street, and on Franklin street, into which it extended. The plaintiff gave evidence tending to prove some disturbance of her easements of light, air and access by the railroad and its use. She also gave some evidence of noise produced by it and of the loss of privacy in the use of the third story of the building. It appeared that the rental value of the plaintiff's premises had depreciated since the railroad was constructed. And evidence on the part of the defendants was to the effect that in that neighborhood the depreciation of rents was occasioned by the removal of the business stand of the Long Island farmers from there to Gansvoort market, thus diverting the trade incident to that traffic from the former to the latter place. The court submitted to the jury the question whether the rental value of the plaintiff's premises had been diminished by deprivation of light, air and access through the maintenance and operation of the road, and directed them to exclude from their consideration the elements of noise, vibration and the loss of privacy, for which they could allow no damages. The plaintiff's exceptions were first to the portion of the charge directing the jury to exclude noise and vibration from consideration, and second, to the like instruction as to the loss of privacy. As there was no evidence of any vibration, the first exception was too broad to raise the question in

its application to the noise resulting from the operation of the road. (*Haggart* v. *Morgan*, 5 N. Y. 422; *Groat* v. *Gile*, 51 id. 431.)

And the question arises upon the exclusion of the subject of the loss of privacy from the consideration of the jury. It seems well established that the theory upon which an action at law may be supported by an abutting owner against the defendants is, that they are in such sense trespassers or wrong-doers as to be liable to such owners for all the injuries resulting proximately from the wrongful act of maintaining and operating their elevated road. (*Lahr* v. *M. E. R. Co.*, 104 N. Y. 269; *Ducker* v. *M. R. Co.*, 106 id. 157; *Kane* v. *N. Y. E. R. R. Co.*, 125 id. 164, 186.) In the latter case and in the more recent one of *American Bank Note Co.* v. *N. Y. E. R. R. Co. & M. Ry. Co.* (129 N. Y. 252), it was held that while such relation of trespasser continued the defendants were liable to the abutting owner for the damages occasioned to him by the noise of operating the road. This liability of the defendant is, not that for which the remedy is by action in the nature of that formerly known as trespass *quare clausum*, but rather in the nature of that known at common law, as an action on the case. (*Kernochan* v. *N. Y. E. R. R. Co.*, 128 N. Y. 559.) The continued invasion of the privacy of the occupant of a building very likely would have the effect to reduce the rental value of it for some purposes. The first floor of the plaintiff's building was occupied as a grocery or liquor store, and the two above were occupied by persons as places of abode. But so far as appears only two rooms are exposed or subject to the inconvenience of loss of privacy. Those rooms are on the third floor and have one window in front on Greenwich street, and two on the Franklin street side. The opportunity by means of the windows to look into the rooms, is from the station platform on both streets. The evidence on the subject was mainly given by a person who had occupied those rooms and was to the effect that the looking in the windows by the passengers and employes was very annoying; that they did it from the station platform; and that they

interfered with the privacy of the rooms by looking in when standing on the platform, and when coming down the stairs along the building. It may be seen that this exposure of the rooms and the occupants within them to the observation of persons at all times of the day would be detrimental to them as dwelling places. While it is true that the observation taken by the patrons and employes of the defendants is not the act of the latter, the defendants have furnished the means and opportunity for those persons to invade the privacy of these rooms by looking into them through the windows, and it is by the invitation and procurement of the defendants for the purpose of the business of the road that people are at the station and on its platform. No reason appears why the defendants should not be responsible for the consequences of the loss of privacy thus occasioned so far as it depreciated the rental value of the rooms in the plaintiff's building. Those consequences detrimental to the rooms are the rational result of the maintenance of the road and the station, and are reasonably attributable to that cause.

In *Duke of Buccleuch* v. *Metropolitan Board of Works* (L. R. [5 Eng. & Ir. App.] 418), the plaintiff, under lease from the crown, occupied certain premises known as the Marlagn House, the garden of which extended to the Thames, where it was protected from the river by a wall through which was a door and a causeway leading to the water. The defendants, under the Thames Embankment Act, constructed a roadway in front of the premises and higher than the garden. It was there held that the loss of the use of the river frontage and the consequent *loss of privacy*, increase of dust and noise occasioned by the erection of the embankment roadway were subjects to be considered in estimating the damages to be awarded to the plaintiff.

In the present case, although the loss of privacy was properly an element for the consideration of the jury, the question arises whether the plaintiff was prejudiced by the exclusion of it from their attention. There was no evidence specifically applicable to damages resulting from loss of privacy, but the

diminished rental upon which the plaintiff sought to recover, mainly had relation to the entire building, and was charged to have been produced by the causes which the maintenance and operation of the road furnished. This included the interference with the easements of light, air and access, as well as the consequences of noise and loss of privacy. But the latter, so far as appears, was applicable only to a couple of rooms on the third floor. It is difficult to see how the jury could, by any rule of apportionment, have determined, upon the evidence, the loss of rental for that cause, if they had been disposed to have given damages for the loss of privacy. They may, however, have given the plaintiff nominal damages for that cause, if it had not been excluded from their consideration. And as the plaintiff may have been prejudiced by the misdirection of the court, the error cannot be disregarded on review. (*Herrick* v. *Stover*, 5 Wendell, 580.)

These views lead to the conclusion that the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.