(81 N. W. Rep. 77.)

---

## McCabe Brothers *vs.* Aetna Insurance Company.

Opinion filed October 31, 1899.

### Insurance—Parole Contract for Renewal.

A parol agreement to renew a policy of insurance, entered into by an agent having authority to renew policies, *held* to be the agreement of the principal, and not of the agent.

### Authority of Agent to Bind Company.

An insurance agent, having authority to solicit insurance, to accept risks, to agree upon and settle the terms of insurance, and to issue and renew policies, has authority to make a preliminary parol contract binding upon his principal, to renew a policy about to expire. Certain provisions of the policy respecting renewals, waivers, etc., *held* not to apply to such preliminary contract.

### Prepayment of Premium.

Prepayment of premuim for renewal term is not essential to the validity of such preliminary agreement to renew.

### Amendment of Pleading—Waiver.

Where an amendment of the complaint at the trial is allowed on condition that defendant be given sufficient time to prepare to meet the issues as amended, and thereafter defendant announces himself ready, and proceeds to trial on the amended pleadings, he will not be heard to urge that he was prejudiced by reason of the allowance of such amendment.

### Evidence of Custom to Extend Credit.

Evidence of custom on the part of the agent to extend credit for premiums *held* admissible.

### Proof of Parole Agreement.

Evidence that plaintiffs relied upon the preliminary agreement to renew the policy, and that, had they not believed that the policy was renewed, they would have procured other insurance, also *held* competent.

### Instructions Approved.

The court's charge to the jury examined, and *held* to state the law correctly.

Appeal from District Court, Pembina County; *Sauter*, J.

Action by McCabe Bros. against the Aetna Insurance Company. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*W. J. Burke* and *Kitchel, Cohen & Shaw*, for appellant.

*Templeton & Rex* and *J. D. Stack*, for respondents.

Fisk, J.   This litigation arose out of a transaction wherein plaintiffs allege that defendant, through its authorized agent, orally agreed to renew a certain policy of insurance on certain property belonging to the plaintiffs.   It is conceded that on November 13, 1896, the defendant, through its agent, William McBride, at St. Thomas, duly issued and delivered to plaintiffs its certain policy of insurance, whereby it insured against loss by fire certain grain contained in plaintiffs' elevator at Glasston, in the sum of $2,000, for the period of one month.   It is also conceded that after the expiration of said period of one month, and on December 24, 1896, said grain was totally destroyed by fire, and that plaintiffs' loss thereby exceeded said sum of $2,000.   Plaintiffs contend that on or about December 5, 1896, they entered into a parol agreement with defendant, through its said agent, whereby the defendant promised and agreed to renew said policy, at its expiration, for the further period of one month, and that defendant, through its said agent's neglect, failed to renew said policy, and this action was brought to recover damages for the breach of said parol agreement.   The defendant flatly denied the existence of such agreement, and there is considerable evidence in the record tending to corroborate defendant's contention; but the jury having found for the plaintiffs on this issue, and there being a substantial conflict in the testimony, this court must assume that such agreement was made.   Counsel for appellant urge numerous assignments of error, which we will consider in the order in which they are presented.

1.   They contend, first, that the alleged parol agreement, if made, was the agreement of McBride, the agent, and not the defendant, and in support of such contention they cite *Shank* v. *Insurance Co.*, 4 App. Div. 516, 40 N. Y. Supp. 14.   This case seems to be an authority in defendant's favor.   The facts in that case were very similar to the facts in the case at bar.   We have carefully considered the reasoning of the court in the case cited, and, with all due respect to that court, we are forced to the conclusion that the reasoning is unsound, and that it is opposed to the great weight of authority.   The defendant is a foreign corporation, and can, of course, only act through an agent.   The defendant concedes that the policy which was to be renewed under the terms of the parol agreement was the policy of the defendant, and that the same was issued by McBride as agent, with full authority to do so, and it seems unreasonable to suppose that the parties in making this parol agreement believed that they were dealing with McBride personally, instead of in his capacity as such agent.   If the parol contract to

renew had been fulfilled by McBride, it would have been done as agent. Plaintiffs having dealt with McBride as agent in the issuance of the policy in the first instance, which policy expressly provided for renewals thereof from time to time, it is but natural to suppose that in subsequent dealings, relating to the renewal of this identical policy, the parties contemplated that they were dealing with him in the same capacity. McBride was not engaged in the issuance of insurance policies or the renewal thereof on his own account, but simply as agent. This all parties knew. McBride was authorized by the company to issue renewals of its policies, and we must hold, under the evidence in this case, that in entering into the preliminary contract to issue such renewal he acted in his representative capacity as agent. Upon this point, see *Commercial Union Assur. Co.* v. *State* (Ind. Sup.) 15 N. E. Rep. 518, and cases cited.

2. Appellant's second contention is that even if McBride, in making such parol agreement, acted in his capacity as such agent, still his authority as such agent for the defendant did not include the making of executory contracts by parol to renew policies in futuro. This, to our minds, is the most difficult question in the case, and, in order to intelligently dispose of the same, it is necessary to examine into the authority conferred upon Mr. McBride by this insurance company. The authority of an agent is such as is expressly given him by his principal, and, in addition thereto, such as his appointment and duties necessarily imply. The commission appointing McBride as agent gave him "full power to receive proposals for insurance against loss or damage by fire; to act as surveyor, or to appoint surveyors, of buildings to be insured, or containing property to be insured, in St. Thomas and vicinity; and insurance thereon to make, by policies signed by the president, and attested by the secretary, of said Aetna Insurance Company, and countersigned by the said William McBride, agent." The only other authority conferred upon McBride is such as is contained in the policy (Exhibit A), as follows: "In any matter relating to this insurance, no person, unless authorized in writing, shall be deemed the agent of this company. This policy may, by a renewal be continued under the original stipulation, in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this company at the time of renewal or this policy shall be void. * * * This policy is made and accepted subject to the foregoing stipulation and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission

affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached." It appears from the agent's commission that he possessed express authority to receive proposals for insurance; to act as surveyor, and to appoint surveyors, for buildings to be insured; and insurance thereon to make, by policies signed by the president, and attested by the secretary, of said company, countersigned by said McBride, as agent; and, by the terms of the policy, the agent might renew the same in the manner therein provided. There is nothing in the commission or in the policy expressly authorizing McBride as agent, to make a preliminary oral agreement to issue or renew policies; neither is there anything restricting the authority of the agent in this regard; and, if such authority was conferred upon him, it must have been so conferred by operation of law, from the express authority given him. It is well settled in this country that the agent of a foreign insurance company, invested with such authority as was conferred upon Mc-Bride by this defendant, is a general agent. *Post* v. *Insurance Co.*, 43 Barb. 361; *Lightbody* v. *Insurance Co.*, 23 Wend. 22; *McEwen* v. *Insurance Co.*, 5 Hill, 105; *King* v. *Cox* (Ark.) 37 S. W. Rep. 877. It is also, we think, well settled that such agent, with similar authority, may enter into a binding executory contract by parol to issue or to renew a policy in the future. A leading authority involving this question is *Post* v. *Insurance Co.*, 43 Barb. 351. It was contended by the plaintiff in that case that the defendant, either itself or through its agent, made a verbal agreement to renew the policy in question for a period of 60 days, which included the time when the loss occurred; defendant's contention being that the evidence was too indefinite to establish an agreement to renew the policy, and that it could only be renewed by an instrument in writing, and that the agreement, if made, was not binding on the defendant; and the court, in disposing of the question here involved, said: "When this agreement was made, however, the policy had expired, and, as the agreement was unwritten, the defendant claims that it was not binding upon it. The court ruled otherwise, and the defendant excepted. No evidence other than the form of the policy, and of the certificates used in making the renewals, was given showing that the exercise of the agent's authority depended upon the manner in which he made the contracts of insurance. The policy and certificate declared that they should not be valid until countersigned by the agent. But that does not exclude his power to bind the defendant by the agreement in question. * * * The possession and use of the defendant's certificates of renewal, together with the exercise of that authority in other instances, indicate that the power of renewing and continuing insurances had been conferred upon this agent. There is nothing in the case showing him to be confined or restricted in the use of it to the cases where the policy renewed was still valid as an insurance. He was authorized to accept risks, to agree upon and settle the terms of their insurance, and to carry them into effect by issuing and renewing policies on

behalf of the defendant. * * * The agreement which, upon the evidence, the jury must have found existed in this case, did not, of itself, renew the insurance. But it imposed upon the defendant's agent the duty of doing whatever was necessary to effect a renewal of it. An agreement of that nature, either expressed or implied, must necessarily precede the renewal of any insurance, and a similar one is made to ascertain and determine the subject, terms, and rate of insurance in all cases where policies are issued. They are directly and necessarily within the employment and authority of the agent, whose business could not be carried on without the power to enter into them, and the law does not require them to be in writing in order to become obligatory on the parties. They have often been the subject of judicial controversies, and always held binding on the principal, when fairly established by proof." In *Commercial Mut. Marine Ins. Co.* v. *Union Mut. Ins. Co.,* 19 How. 321, 15 L. Ed. 636, it was held by the Supreme Court of the United States that, under the common law, a promise for a valuable consideration, to make a policy of insurance, is no more required to be in writing than a promise to execute and deliver a bond, a bill of exchange, or a negotiable note. The same doctrine was announced by the Court of Appeals of New York in *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.,* 19 N. Y. 305. In that case the court sustained the validity of the unwritten agreement to continue a policy of insurance from year to year until notice of the contrary should be given, notwithstanding the policy declared that it might be continued provided the premium therefor was paid and indorsed on the policy, or a receipt given for it, and that no insurance whatever, original or continued, should be considered binding until the actual payment of the premium. In *Ellis* v. *Insurance Co.,* 50 N. Y. 402, a similar question was involved, and the court said: "Whatever doubts may formerly have been entertained as to the validity of parol contracts of insurance made by insurance corporations, authorized by their charters to make insurance by issuing policies, it is now settled that they are valid. It is equally well settled that parol contracts of such companies to effect an insurance by issuing policies are valid, and will be enforced by compelling specific performance by the company, or in an action for the breach of the agreement; in either of which, a recovery for a loss of the property agreed to be insured will be awarded to the plaintiff." Again, in *Angell* v. *Insurance Co.,* 59 N. Y. 171, the Court of Appeals of New York said: "The counsel for the appellant is mistaken in supposing that the action was based upon a parol contract of insurance for three years. There was not sufficient evidence to show that Carpenter was authorized to make such a contract by the defendant. It was alleged in the complaint, and the testimony tends to prove, that a preliminary contract was made by which it was agreed that the defendant should insure the plaintiff upon the property against damage by fire, for a sum and at a rate agreed upon, for the term of three years from the time of making the

contract, and that a policy of insurance should shortly thereafter be made out to take effect from that time, and delivered to the plaintiff by Carpenter, at which time it was agreed that the premium should be paid. It was proved that Carpenter was the agent of the defendant, with authority to negotiate contracts of insurance in its behalf, agree upon the rate of premium, the term of the insurance, and, in short, to agree upon all the terms of the contract; that he was furnished with policies executed in blank by the president and secretary of the company, with authority to fill up and deliver the same to any party with whom he made a contract. This authorized him to make a preliminary contract, binding upon the defendant, to be consummated by filling up and delivering a policy pursuant thereto." See, also, *Van Loan* v. *Insurance Ass'n,* 90 N. Y. 280, where the same doctrine is reaffirmed by that court. That an insurance company can, by a preliminary parol contract, bind itself to issue or to renew a policy in the future, seems too well settled to admit of doubt. In addition to the foregoing, the following are a few of the many authorities sustaining this doctrine: *Stickley* v. *Insurance Co.* (S. C.) 16 S. E. Rep. 280; *Baubie* v. *Insurance Co.,* 2 Dill. 156, Fed. Cas. No. 1,111; *Cohen* v. *Insurance Co.,* (Tex. Sup.) 3 S. W. Rep. 296; *Taylor* v. *Insurance Co.,* 2 Dill. 282, Fed. Cas. No. 13,793; *King* v. *Cox* (Ark.) 37 S. W. Rep. 877; *Newark Mach. Co.* v. *Kenton Ins. Co.* (Ohio Sup.) 35 N. E. Rep. 1060, 22 L. R. A. 768; *Croft* v. *Insurance Co.* (W. Va.) 21 S. E. Rep. 854; *Hardwick* v. *Insurance Co.* (Or.) 26 Pac. Rep. 840; *More* v. *Insurance Co.* (N. Y. App.) 29 N. E. Rep. 757.

The learned counsel for appellant, in support of his position, cites numerous cases which we will briefly notice. The first case upon which he relies is *O'Reilly* v. *London Assurance,* 101 N. Y. 575, 5 N. E. Rep. 568. That case is dintinguishable from the case at bar. Under the particular facts in that case, it was held, as a matter of law, that the parties did not contemplate that they were entering into a renewal agreement. Furthermore, under the express terms of the policy, a renewal could not be had without actual payment of the premium for the renewal term, and an indorsement thereof made upon the policy or a receipt given therefor, and it was expressly stipulated in the policy that the company should not be liable unless the premium for the renewal term was actually paid. In *Taylor* v. *Insurance Co.,* 47 Wis. 365, 2 N. W. Rep. 559, and 3 N. W .Rep. 584, cited by appellant, the action was based upon an alleged completed contract of insurance, and not upon the breach of an oral agreement to insure; and the court held that the parol negotiations did not amount to a complete contract of insurance in præsenti, and therefore that the action, which was based on the policy of insurance, could not be maintained. See *King* v. *Insurance Co.* (Wis.) 17 N. W. Rep. 297; *Campbell* v. *Insurance Co.* (Wis.) 40 N. W. Rep. 661. To the same effect was the case of *Idaho Forwarding Co.* v. *Fireman's Fund Ins. Co.,* 8 Utah, 41, 29 Pac. Rep. 826, 17 L. R. A. 586, cited by appellant. In the latter case

the court said: "The plaintiff relies upon a contract in præsenti, not a contract to thereafter insure." In *Stewart* v. *Insurance Co.*, 102 Cal. 218, 36 Pac. Rep. 410, also relied upon by the appellant, the agent had no authority, either actual or ostensible, to enter into a contract of insurance, and therefore this case cannot be considered in point. The last case relied upon is *Shank* v. *Insurance Co.*, 4 App. Div. 516, 40 N. Y. Supp. 14. This case we have already referred to, and we are constrained to hold that the language used in the opinion in this case, respecting the power of a general agent to enter into a valid parol contract to insure, is unsound, and opposed to the great weight of authority. It is contrary to the doctrine established in *Manchester* v. *Assurance Co.*, 151 N. Y. 88, 45 N. E. Rep. 381, as well as the other New York cases cited in this opinion.

But the learned counsel for the appellant contends that, under the provisions of the policy respecting renewals, waivers, etc., and under section 4608 of the Revised Codes, the agent was not authorized to bind the company by a parol contract to renew this policy. We are unable to agree with counsel on this point. We are of opinion that these provisions clearly have reference only to the contract of insurance and of renewal, and not to a preliminary agreement to insure or to renew. We are supported in this view by numerous authorities. *Baile* v. *Insurance Co.*, 73 Mo. 371; *Sanborn* v. *Insurance Co.*, 16 Gray 448; *Commercial Mut. Marine Ins. Co.* v. *Union Mut. Ins. Co.*, 19 How. 318, 15 L. Ed. 636; *City of Davenport* v. *Peoria Marine & Fire Ins. Co.*, 17 Iowa, 276; *Security Fire Ins. Co.* v. *Kentucky Marine & Fire Ins. Co.*, 7 Bush, 81; *Insurance Co.* v. *Colt*, 20 Wall. 560, 22 L. Ed. 423; *Insurance Co.* v. *Ryland* (Md.) 16 Atl. 109, 1 L. R. A. 548; *Emery* v. *Insurance Co.*, 138 Mass. 398, 412; *Insurance Co.* v. *Kelly*, 24 Ohio St. 345, 365; *Scranton Steel Co.* v. *Ward's Detroit & Lake Superior Line* (C. C.) 40 Fed. Rep. 866. Wood on Insurance (2d Ed. vol 1, § 11, announces the doctrine, as we think, correctly. He says: "Parol contracts to insure will be enforced in equity, even though the charter of the company requires all of its contracts to be in writing. The courts hold in such cases that there is a broad distinction between an executory contract and an executed contract, and that the charter provisions can only be held to apply to the latter; that is, that a contract of insurance must be in writing, but that a contract to insure may be by parol." It is also urged that prepayment of the premium for the renewal term was necessary to effect a valid renewal, but we are of the opinion that this was not essential. By the terms of the policy, prepayment of the premium is not required. By the language of the policy, it may be renewed "in consideration of premium for the renewal term." This language cannot be construed so as to require prepayment of such premium. Moreover, this language in the policy has reference only to the completed contract of renewal, and not to a preliminary contract to renew.

3. Appellant next urges that the trial court erred in permitting

plaintiffs to amend the complaint at the trial. The original complant alleged, in substance, that in the month of November, 1896, for a consideration, the defendant agreed with the plaintiffs to renew and keep in force all expiring policies of insurance, etc. The amendment which was allowed at the trial further alleged a specific agreement entered into on December 5, 1896, to renew this policy. As to whether or not it was error to allow said amendment, it is unnecessary to decide, for the reason that the record discloses that the trial court, at the time of the allowance of such amendment, distinctly stated that, if the defendant was prejudiced thereby and was not prepared to proceed with the trial at that time, sufficient time would be given it to prepare for the trial, and that two days afterwards, when the case was called for trial, counsel for defendant announced his readiness to proceed to trial upon the pleadings as amended. Surely, the defendant cannot now be heard to object to such ruling. But, upon the question of the amendment being permissible, see *Croft* v. *Ins. Co* (W. Va.) 21 S. E. Rep. 854, 857.

4. Certain errors are assigned on the admission of evidence. We have examined the rulings complained of, and we do not find any prejudicial error. That evidence of custom on the part of McBride, the agent, to extend credit for premiums, was admissible, see *Ruggles* v. *Insurance Co.*, 114 N. Y. 415, 418, 21 N. E. Rep. 1000; *Church* v. *Insurance Co.*, 66 N. Y. 222, 225; *Potter* v. *Insurance Co.* (C. C.) 63 Fed. Rep. 384; *Insurance Co.* v. *Morris* (Ala.) 18 South. Rep. 34; *Newark Mach. Co.* v. *Kenton Ins. Co.* (Ohio Sup.) 35 N. E. Rep. 1060, 1064, 22 L. R. A. 768; *Cohen* v. *Ins. Co.* (Tex. Sup.) 3 S. W. Rep. 296. The testimony of James McCabe, to the effect that he relied upon the contract to renew, and that they would have procured other insurance had they not believed that the policy was renewed, was not, we think, prejudicial, under the circumstances, and could not have misled the jury.

5. The remaining assignments of error relate to the court's instructions to the jury. The court charged the jury that the action was "to recover damages for the breach of the contract to insure," and the learned counsel for appellant contend that, inasmuch as the action is to recover damages for the breach of a contract to renew the old policy, the instruction was misleading and prejudicial. We must overrule this contention. We cannot believe that the jury were misled by this instruction, especially in view of the fact that they were later in the charge distinctly instructed that, before they could find for the plaintiffs, they must find that an agreement to renew the old policy was made as alleged.

It is next urged that, in charging the jury as to the powers of an insurance agent, the trial court committed error. The instruction complained of was as follows: "An insurance agent, with power to make and effect insurance, and to issue and deliver policies, and to receive and collect premiums, has the power, if no restriction on it is shown and brought home to the knowledge of the person dealing with him, to bind his company by a verbal contract with

the assured, at or prior to the expiration of the policy, to renew the insurance, and to waive the payment of the premiums for the time being, and to give the assured time for such payment." We think the above instruction stated the law correctly. That McBride was authorized to solicit insurance, to issue, countersign, and deliver policies of insurance, to renew the same, and to collect premiums therefor, the undisputed evidence shows; and it follows therefrom, as a matter of law, that he possessed authority to make preliminary oral agreements to issue or to renew such policies. Upon this point, see authorities cited under the second proposition in this opinion; also *South Bend Toy Mfg. Co.* v. *Dakota Fire & Marine Ins. Co.* 3 S. D. 205, 52 N. W. Rep. 866.

Appellant also complains of the following instruction: "The tender of the premium by plaintiffs after the fire was sufficient, if you find that there was an agreement to renew the policy." We think this instruction stated the law correctly. The evidence of a tender was undisputed, and it is well settled that prepayment of premium is not a condition precedent to the validity of a parol agreement to insure or to renew. See authorities above cited.

Lastly, the instruction of the court as to the burden of proof is challenged as erroneous. The instruction told the jury that the plaintiffs must establish their case "by fair preponderance of the evidence." Counsel for appellant insists that the jury should have been told that the plaintiffs must establish their case by clear and satisfactory evidence. The rule contended for by appellant is not applicable to this case. We think the instruction given was correct. We are unable to see why a different rule should apply to a case of this kind than is applied to actions for damages for the breach of other parol contracts. This question was involved in the case of *Johnson* v. *Insurance Co.* (Ky.) 2 S. W. Rep. 151, and the court used the following language: "The latter kind of contract, usually existing in parol, must be established by the same class of proof required to establish any other contract. It must be shown that a complete contract was made, that an agreement to insure was in fact entered into, and that nothing essential to a complete agreement was left open for future determination. The burden is on the party attempting to establish such a contract to establish it by a preponderance of evidence." See, also, *Dodd* v. *Insurance Co.* (Or.) 28 Pac. Rep. 881, 884; *Dinning* v. *Insurance Co.,* 68 Ill. 414; Ostr. Ins. § 10; 4 Joyce, Ins. § 3760. Having decided each of appellant's assignments of error adversely to it, if follows that the order of the District Court denying a new trial should be affirmed.

YOUNG, J., having been of counsel in the case, took no part in the hearing; Judge Fisk, of the First Judicial District, sitting by request.