# Cincinnati, New Orleans & Texas Pacific Railway Company, et al. v. Richardson.

(Decided March 18, 1913.)

Appeal from Boyle Circuit Court.

1. Railroads—Duty of Lookout and Warning—Instructions.—An instruction telling the jury that it was the duty of the persons in charge of an engine that was moving at a point where the duty of lookout and warning was required to keep a lookout was not prejudicial, although there was no direct evidence that they were not keeping a lookout. An instruction may be based on physical facts and circumstances as well as on direct and positive testimony, and from circumstances the jury have a right to conclude that the lookout duty is not maintained, although the uncontradicted evidence of the employes shows that it was.

2. Verdict—May Be Against Numerical Weight of the Evidence and Yet Not Palpably Against the Evidence.—We have frequently ruled that we will not interfere with the finding of a jury on a question of fact merely because their finding is not supported by as much evidence as is heard in opposition to it. It does not follow necessarily that because the verdict of the jury is against the weight of the evidence that it is palpably against the evidence.

CHARLES H. RODES, GEORGE E. STONE, NELSON D. RODES and JOHN GALVIN for appellants.

ROBERT HARDING, JOHN W. RAWLINGS and EMMET PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is the second appeal of this case. The opinion on the former appeal will be found in 145 Ky., 516, and as the facts as to how the accident occurred are very fully set out in that opinion, it does not seem necessary to repeat them here.

On the first trial the railway company declined to introduce any evidence, but on the trial from which this appeal is prosecuted, it introduced the engineer and fireman of the engine that struck appellee, and several other witnesses, and the jury, after hearing the evidence, assessed the damages in favor of appellee at $5,000.

A reversal of the judgment on this verdict is asked: (1) for alleged error in the instructions (2) because the verdict is flagrantly against the evidence (3) because the damages are excessive.

The court instructed the jury that "it was the duty of the company's employes in charge of the engine which struck and injured the plaintiff to maintain a lookout ahead and give warning of its approach and be in a position to control its movements, and if you believe from the evidence that the employes in charge of the yard engine made a backward movement of said engine, and failed to maintain a lookout ahead of same as it moved backward in said yard, or failed to give reasonable warning of its approach to plaintiff by ringing its bell or, blowing its whistle, and because of its failure to do so in any one or all of these respects, the plaintiff, Richardson, went upon the track and was struck and injured, and was at the time exercising ordinary care for his own safety, then you will find a verdict for the plaintiff."

One objection urged to this instruction is that the court erred in advising the jury that it was the duty of the persons in charge of the engine to keep a lookout. It is not insisted that the employes did not owe this duty, but the argument is made that as the uncontradicted evidence shows that both the fireman and engineer were keeping a lookout, it was misleading and prejudicial to instruct the jury upon a point concerning which there was no conflict in the evidence, and it is said that so much of the instruction as mentioned the lookout duty should for this reason have been omitted.

It is quite true that the substantial ground of negligence relied on by appellee was the failure of the persons in charge of the engine to give warning of its movement by ringing the bell or blowing the whistle, and it seems probable that the jury believed the employes were remiss in the performance of this duty, and as a result appellee was injured. But, although this is so, and although the fireman and engineer both testified they were keeping a lookout, and there was no direct contradictory evidence on this point, it does not follow that it was prejudicial error for the court to advise the jury that it was their duty to keep a lookout.

An instruction may be based on physical facts and circumstances as well as on direct and positive testimony. The jury in this case might have reached the conclusion, from all the facts and circumstances connected with the accident, that the persons in charge of the engine were not in fact keeping a sufficient lookout, although they testified that they were. They might have concluded that

the character of the lookout maintained by them was not such a lookout duty as the law imposes, or one that would enable them to have discovered the presence of appellee as he approached the track in time to have warned him of the danger he was walking into and to have taken steps to have prevented it by stopping the engine, as the evidence shows could have been done in a few feet.

The headlight on the rear of the tender of the engine was burning, and, although the tender prevented the fireman and engineer from seeing a person on the track within ten or fifteen feet of the tender, they might yet have seen him as he walked to and was in the act of going on the track, and before their view of his person was obstructed by the tender.

If, however, it should be conceded as counsel contend, there was no fact or circumstances whatever from which the jury could have inferred that a proper lookout was not kept, we do not think the inclusion of this duty in the instruction, under the circumstances of this case, was prejudicial. The facts of this case were very few and simple, and the only negligence submitted consisted in the failure of the employes to keep a lookout and give warning of the movement of the engine, and if the jury were satisfied that a lookout was kept, they could not well have been influenced to return a verdict against the company because the court told them that it was the duty of the employes to keep a lookout.

Another criticism of the instruction is that the jury were told that it was the duty of the employes to give warning of the movement of the engine by blowing the whistle or ringing the bell. The argument of counsel in support of this criticism is that as appellee admitted that he saw the engine before going on the track, he had all the warning of its presence that he could have received had the bell been ringing or the whistle sounded.

Appellee did see the engine on the track before he attempted to cross, but he testified that he did not know it was moving, when in fact it was moving slowly. If the engine had been standing, of course there would have been no reason for ringing the bell or sounding the whistle, but as there was evidence to the effect that the engine was moving, it was proper for the court to instruct the jury that it was the duty of the employes to give timely warning of its movement.

In respect to the argument that the verdict is flagrant-

ly against the evidence, and for this reason a new trial should be granted, little need be said. A greater number of witnesses testified that the bell was ringing than gave evidence that it was not, but the question of the weight and credibility to be given to the testimony of these witnesses was for the jury, and the jury evidently believed the witnesses who said the bell was not ringing.

We have frequently had occasion to observe that we will not interfere with the finding of a jury on a question of fact merely because their finding is not supported by as much evidence as is heard in opposition to it. If we should adopt the rule of weighing the evidence for ourselves and deciding for ourselves independently of the jury questions of fact, the jury, as a part of the machinery of the court, would be of small importance. In this case we think the weight of the evidence is in favor of the proposition that the bell was ringing, but this conclusion upon our part would not justify us in setting aside the verdict upon the ground that it was flagrantly against the evidence, because there is evidence as well as circumstances showing that the bell was not ringing.

The last ground relied on is that the verdict is excessive. On the first trial there was a verdict for $8,750, and we granted a new trial because the assessment was excessive. On this trial the evidence that the injuries sustained by appellee are permanent is much more convincing than was the evidence on this point on the former trial, and yet the verdict is much less than it was on the former trial. That appellee was very seriously injured is not denied. The only disputed question relates to the permanency of his injuries. The evidence upon this point is not entirely satisfactory. Yet we think there is sufficient to show that they are permanent, and this being so, we do not feel disposed to interfere with the assessment.

Upon the whole case, after a careful consideration of the record, we are convinced that appellant had a fair trial, and the judgment is affirmed.