## Gresham v. Norwich Union Fire Insurance Society.

(Decided February 11, 1914.)

### Appeal from Lyon Circuit Court.

1.  Insurance, Fire—Parol Contract—Renewal—Authority of Agent. —An insurance agent having authority to solicit insurance, accept risks, agree upon and settle the terms of insurance, and issue and renew policies, has authority to make a preliminary parol contract binding on his principal, either to issue or renew a policy about to expire.

2.  Insurance, Fire—Renewal—Parol Contract—Sufficiency.—Where the agent of two insurance companies carrying insurance on certain buildings meets the insured and asks him to take out additional insurance, and the insured declines to do so, but says to the agent, "You may carry the two policies you are now carrying," and the agent replies, "Certainly. I don't want to lose what I've got if I can't get any more," the language of the parties is too vague, uncertain and indefinite to constitute a binding executory agreement to renew.

3.  Insurance, Fire—Custom to Renew—Effect.—While a custom on the part of an agent to renew policies and credit the insured for the premium is admissible on the question of waiver of prepayment of premiums, it is not sufficient to bind the company.  There must be a contract to renew.

L. H. JAMES and HODGES & JAMES for appellant.

J. C. GATES and N. W. UTLEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

About April 28, 1910, E. L. Gresham purchased from C. Armstrong a house and lot in Eddyville, Kentucky. At the time of the conveyance Armstrong was carrying a $1,000 policy of insurance on the house.  The policy was issued by the Norwich Union Fire Insurance Society, of which N. W. Utley was the agent at Eddyville. The policy was dated February 19, 1910, and by its terms expired February 9, 1911.  When the sale was effected

the policy was assigned by Armstrong to Gresham, and the transfer was approved by the usual endorsement on the policy made by the company's agent.  At the time of the assignment Gresham was carrying a $600 policy of insurance issued by the Pennsylvania Fire Insurance Company, and expiring on December 30, 1910.  N. W. Utley, the agent of the Norwich Union Fire Insurance Society, was also the agent of the Pennsylvania Fire Insurance Company.

On May 29, 1911, more than three months after the expiration of the policy issued by the Norwich Union Fire Insurance Society, the dwelling house covered by that policy was destroyed by fire.  Gresham brought this action against the company to recover the sum of $1,000, claiming that prior to the expiration of the policy he entered into a parol agreement with the company's agent to renew the policy upon its expiration.  At the conclusion of plaintiff's evidence, the trial court gave a peremptory instruction in favor of the defendant.  Plaintiff appeals.

While plaintiff testified that defendant's agent agreed either during the month of October or November, 1910, to renew the policy on the same terms and conditions as the original policy, yet when asked by counsel to detail the exact conversation which took place between him and the defendant's agent, he made the two following statements:

He was trying to write me an additional thousand; wanted to write an additional thousand after I had repaired the house.  I told him I didn't care to take any more; that I didn't feel like I was able to take an additional thousand on the house, and he insisted that he should write an additional thousand on the house for me since I had repaired it.  Then he rather insisted more that I should give him another thousand on it.  He went on and asked me what I had on it.  I told him 'I have the thousand that you have and six hundred that Mr. Molloy has on the dwelling.'  In our conversation there, as he talked and wanted to write this additional thousand I said, 'Mr. Utley, I don't care to take another one, because I am not able to pay for an additional thousand, because I am carrying as much as I feel like I am able to pay on the two buildings.'  I said, 'You may carry the two policies you are now carrying.'  He said, 'Certainly.  I don't want to lose what I have got, if I can't get any more.'

He was carrying two thousand for -me then, one on the house and one on the stable.''

"I met Mr. Utley on the sidewalk and I wanted to borrow some money, that is what brought up the conversation. I asked him if he had five hundred dollars he wanted to loan me, but he said he did not, but he said, 'I am figuring on selling my farm in a few days, and if I do I expect I can let you have it.' He turned right around and asked me about how much insurance I was carrying down there. I told him I was carrying the thousand he had and six hundred Mr. Molloy had. He wanted to write me an additional thousand. I told him I didn't feel like I could carry more than I was paying for then; that I knew I needed it, but didn't feel like I could pay for more than I was carrying then. I said 'I want you to keep up the two policies you have.' He says, 'Certainly. I want to do that, if I don't get anything more. I don't want to lose anything I have got.' ''

When asked by the court to tell exactly what the agent said, plaintiff answered as follows:

"He said he wanted to carry the two policies on; he didn't want to lose any if he didn't get any more. The two policies he was carrying was the one on the residence and the other on the stable, that we were talking about. They were to be carried for the same amount, and he said he certainly wanted to do that; he didn't want to lose anything he had.''

Plaintiff further testified that after the fire he met Mr. Utley, the agent, and that he latter asked him where the Norwich Union policy was. Plaintiff replied "It is in the bank, I suppose." He looked for the policy at the bank. The old policy was found, but no renewal policy was there. He then said to Mr. Utley "You know I told you to keep up those two policies." Utley replied "It looks like I would have done it." Plaintiff also testified that Utley had been carrying insurance for him from 1900 to 1910. Utley always wrote the policies, renewed them whenever he got ready and came to plaintiff for the money when it suited him. Frequently there would be a delay of two or three months and sometimes as much as six months before Utley would ask for payment of premiums. Plaintiff never knew that the policy had not been renewed, but relied on his agreement with Utley to have it renewed. On cross-examination it developed that the policy in the Pennsylvania Insurance Company was re-

newed and delivered to plaintiff. Sometimes he took the policies when they were issued, and sometimes he didn't. Never remembered of having left a policy in the possession of Utley after he had paid the premium.

Another witness for plaintiff testified that the morning after the fire Utley said in his presence that he was carrying $2,000 on plaintiff's property. Another witness stated that he had heard Utley say after the fire he thought he had a thousand on the home place as well as a thousand on the livery stable until he examined his records. Still another witness testified that Utley stated in his presence after the fire that Mr. Gresham was carrying $2,000 insurance. The cashier of the bank where the original policy was deposited stated that after the fire plaintiff and Mr. Utley came in there looking for the policy. He found the old policy, but no renewal policy.

It is well settled that an insurance agent having authority to solicit insurance, accept risks, agree upon and settle the term of insurance, and to issue and renew policies, has the authority to make a preliminary parol contract, binding on his principal, either to issue or renew a policy about to expire. James McCabe, et al. v. Aetna Ins. Co., 9 N. D., 19, 81 N. W., 426, 47 L. R. A., 641; Security Fire Ins. Co. of N. Y. v Ky. Marine Fire Ins. Co., 7 Bush, 81, 3 A. R., 301; Stickley v. Mobile Ins. Co., 37 S. C., 56, 16 S. E., 280; Cohen v. Continental Ins. Co., 67 Tex., 325, 60 A. R., 24; Moore v. New York Bowery Ins. Co., 130 N. Y., 527, 29 N. E., 757. While it is true that the agreement to renew a policy does not have to be as certain and definite as to its terms as an agreement to issue a policy in view of the fact that such an agreement will be presumed to have reference to the terms and conditions of the existing insurance; Western Home Ins. Co. v. Hoge, 41 Kas., 524; Franklin Fire Ins. Co. v. Massie, 33 Pa. St., 221; yet the evidence should establish a definite agreement to renew. Here the alleged renewal contract was made either three or four months before the old policy expired. The conversation related principally to an increase of the insurance. After declining to take the additional insurance, plaintiff said to the agent "You may carry the two policies you are now carrying." The agent replied "Certainly. I don't want to lose what I have got, if I can't get any more." The word "renewed" was not used. Nothing was said about how long Utley was to carry the two policies. The contract

between the parties depends on what was actually said, and not on the vague and indefinite conclusions not reasonably deducible from the words used. No time for carrying the policies being fixed, plaintiff would not have been bound to pay the premium on any renewal policy unless he had actually bound himself in some other way. On the other hand the agent merely indicated his desire to keep the insurance he had, without obligating the company to renew the insurance upon its expiration. On the whole we conclude that the language is too vague, uncertain and indefinite to constitute a binding executory agreement to renew the policy in question. The fact that it was customary for defendant's agent to renew plaintiff's policies, and to wait several months before collecting the premiums was admissible only on the question of waiver of prepayment of premiums. Baldwin v. Phoenix Ins. Co., 107 Ky., 456. A mere custom to renew will not of itself bind the company. There must be a contract to renew.

The evidence being insufficient to show a contract to renew, it follows that the trial court properly directed a verdict in favor of defendant.

Judgment affirmed.