## Fireman's Fund Insurance Company of San Francisco, California v. Searcy, et al.

(Decided March 6, 1914.)

Appeal from Woodford Circuit Court.

1. Insurance, Fire—Authority of Agent to Make Parol Contract for.— A fire insurance agent, having authority to solicit insurance, accept risks, agree upon and settle the terms of insurance, and to issue and renew policies, has the authority to make a preliminary parol contract, binding on his principal, either to issue or renew a policy about to expire.

2.  Insurance, Fire—Agreement to Renew Policy.—An agreement to renew a policy does not have to be as certain and definite as to its terms as an agreement to issue a policy, in view of the fact that such an agreement will be presumed to have reference to the terms and conditions of the existing insurance contract.

3.  Evidence—When Court Will Not Interfere With Finding of Jury.— Where the evidence upon an issue of fact is conflicting, it is not for the court to interfere with the finding of the jury merely because their finding is not supported by as much evidence as is heard in opposition to it.

WALLACE & HARRISS and FLEXNER & GORDON for appellant.

FIELD McLEOD and ALFRED H. NUCKOLS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This appeal presents for review a question of fact, only.

On October 7, 1910, the appellant insurance company issued to the appellees Searcy and Johnson, a policy of insurance by which it insured appellees' crop of tobacco then hanging in their barn, in the sum of $1,500.00, for a period of four months. By agreement between appellant's agent and the appellees, the payment of the premium, amounting to $22.50, was postponed to a later date, and was not paid until a few days before the policy expired.

On February 10, 1911, three days after the policy had expired, appellees' barn and crop of tobacco were entirely destroyed by fire.

Appellant having refused to pay for the loss, the appellees brought this action, alleging that it was a part of the original contract of insurance of October 7, 1910, that the appellant, through its agent Childers, agreed that upon the expiration of the policy, unless the tobacco had previously been sold and removed from the barn, and notice of such sale or removal given by appellees to appellant, the appellant would, in consideration of the usual premium of $22.50, issue to appellees another policy of insurance for a term of four months beginning February 7, 1911, upon the same terms and conditions as the original policy had been issued.

The issue having been made upon the allegations of the petition, and a trial had, which resulted in a verdict and judgment for the appellees for $1,297.50, the company prosecutes this appeal.

Appellant asks a reversal upon the single ground that the verdict is not supported by the evidence.

It is conceded that appellees' testimony was sufficient to carry the case to the jury; but appellant insists that a new trial should be granted because the verdict is contrary to, and is not supported by the evidence.

Appellee Searcy is clear and positive in his testimony that the agreement between him and Childers, the agent for the appellant, was, that unless the tobacco had been sold or removed before the expiration of the policy on February 7th, and notice of the sale and removal given by plaintiffs to the company, it would renew the policy. On the contrary, Childers not only contradicts Searcy, but says Searcy came to his house early on the morning succeeding the fire and, in substance, admitted that his policy had expired, and asked Childers to issue him a new policy, and date it back to February 7th, in order that it would cover the loss in that way; but that he declined to do so, upon the ground that there was no such agreement, and that it would not be fair to the company. Childers is corroborated as to what was said during that conversation, by the testimony of his wife.

Another witness, Barnett, says he met Searcy on the street the day of the fire, and that Searcy told him he had no insurance, because his policy had expired before the fire. Searcy contradicts Barnett and Childers in every material respect.

In Gresham v. Norwich Union Fire Insurance Society, 157 Ky., 405, we said:

"It is well settled that an insurance agent having authority to solicit insurance, accept risks, agree upon and settle the term of insurance, and to issue and renew policies, has the authority to make a preliminary parol contract, binding on his principal, either to issue or renew a policy about to expire. James McCabe, et al. v. Aetna Ins. Co., 9 N. D., 19, 81 N. W., 426, 47 L. R. A., 641; Security Fire Ins. Co., of N. Y. v. Ky. Marine Fire Ins. Co., 7 Bush, 81, 3 A. R., 301; Stickley v. Mobile Ins. Co., 37 S. C., 56, 16 S. E. 280; Cohen v. Continental Ins. Co., 67 Tex., 325, 60 A. R., 24; Moore v. New York Bowery Ins. Co., 130 N. Y., 527, 29 N. E., 757. While it is true that the agreement to renew a policy does not have to be as certain and definite as to its terms as an agreement to issue a policy in view of the fact that such an agreement will be presumed to have reference to the terms and conditions of the existing insurance; Western

Home Ins. Co. v. Hoge, 41 Kas., 524; Franklin Fire Ins. Co. v. Massie, 33 Pa., St., 221; yet the evidence should establish a definite agreement to renew.''

The single question being, whether the agreement to renew was made, and the evidence being conflicting upon that issue, it is not for us to interfere with the finding of the jury merely because their finding is not supported by as much evidence as is heard in opposition to it.

As was said in the recent case of C., N. O. & T. P. Ry. Co. v. Richardson, 152 Ky., 814, ''If we should adopt the rule of weighing the evidence for ourselves and deciding for ourselves, independently of the jury, questions of fact, the jury, as a part of the machinery of the court, would be of small importance.''

Neither can it be said that the case is one in which the recovery rests upon a mere *scintilla,* since the evidence of appellees upon that point is full, direct, and explicit, although the evidence in behalf of the appellant tends to disprove appellees' contention.

The evidence being thus conflicting, it was the province of the jury to weigh and pass upon it. C. & O. Ry. Co. v. Gatewood, 155 Ky., 102.

Judgment affirmed.