Gorton vs. The Dodge County Mutual Insurance Company.

---

## GORTON vs. THE DODGE COUNTY MUTUAL INSURANCE COMPANY.

INSURANCE. *Insurer not liable when premium note unpaid.*

In an action on a policy of fire insurance, it appeared that plaintiff gave his note for the amount of the cash premium, with an agreement therein that if it were not paid at maturity, the whole amount of the premium should be considered as earned, and the policy be void while the note remained overdue and unpaid; and that the note matured before the loss complained of, and had never been paid. *Held*, that the insurer was not liable.

APPEAL from the Circuit Court for *Eau Claire* County.

Action upon a policy of insurance dated August 21, 1871, issued by the defendant company to the plaintiff, the term of insurance being five years. The insured property was destroyed by fire September 11, 1874. These facts appear from the complaint, and it is further alleged therein that the plaintiff paid for such insurance a premium of twenty-four dollars.

The second defense in the answer is to the effect that such premium was not paid in cash, but the plaintiff gave the defendant his promissory note therefor, payable May 1, 1872; that he never paid such note; and that it contained the following agreement: "And it is further agreed that if this note be not paid at maturity, the whole amount of premium on said policy shall be considered as earned, and the policy be null and void so long as this note remains overdue and unpaid.

The plaintiff demurred to such second defense, for insufficiency; the circuit court made an order *pro forma*, sustaining the demurrer; and the defendant appealed therefrom.

The cause was submitted by both sides upon briefs.

*Dixon, Hooker & Palmer* (*L. S. Dixon*, of counsel), for appellant:

The condition that the policy should become void so long as the note remained overdue and unpaid, was a valid one; the breach of the condition was clear; and the obligation of the defendant was at an end long before and at the time of the fire. *Baker v. Ins. Co.*, 43 N. Y., 283; *Wall v. Ins. Co.*, 36 id., 157; *Pitt v. Ins. Co.*, 100 Mass., 500; *Williams v. Ins. Co.*, 19 Mich., 451; *Watrous v. Ins. Co.*, 35 Iowa, 582; *Union Mut. Life Ins. Co. v. McMillen*, 24 Ohio St., 67; *S. C.*, 13 Am. Law Reg., N. S., 610; *Cardwell v. Ins. Co.*, Ch. Leg. News, May 22, 1875; *Patch v. Ins. Co.*, 44 Vt., 481; *Ferebee v. Ins. Co.*, 68 N. C., 11. See also *Keeler v. Ins. Co.*, 16 Wis., 537; *Dodge Co. Mut. Ins. Co. v. Rogers*, 12 id., 338, as to the validity of similar conditions in a policy. Neither can an unsuccessful demand of payment be construed into an abandonment or waiver of any of the terms or conditions of the note or policy, or as an alteration of the contract in any particular. *Baker v. Ins. Co.* and *Wall v. Ins. Co.*, *supra*.

*Cousins & Hoyt* (*H. Cousins*, of counsel), for respondent:

The note was accepted in payment of the premium; and from the time of its delivery and acceptance and the delivery of the policy to the respondent in consideration of the note, the contract of insurance was in force, and must continue to the end of the term, unless annulled by the act of the parties. In taking the note the company waived that clause of the policy which provides that "no contract for insurance shall be binding until the actual payment of the premium has been made." The note was payment, so far as that clause had any force. Its force once waived, its whole power was spent, and

it ceased to be a part of the provisions of the contract as effect-
ually as if it had never existed.   Nor could it be revived by
the act or default of either party, any more than if it had been
erased from the contract entirely.   *Goit v. Ins. Co.*, 25 Barb.,
189; *Boehen v. Ins. Co.*, 35 N. Y., 131; *Trustees First Bap-
tist Church v. Ins. Co.*, 19 id., 305.   The policy having once
been a binding contract, it required the assent of both parties
to rescind it.   2 Parsons on Con., 190.   Even if the failure of
plaintiff to pay the note at maturity placed defendant in a po-
sition to declare the policy void, yet this alone does not make
it void, but only voidable at the option of the company.
*Huntley v. Perry*, 38 Barb., 569.   The party having the right
to rescind the contract must do it within the time specified, if
there be such a time; if not, then within a reasonable time.
*O'Kell v. Smith*, 1 Starkie, 107.   Unless it clearly appears
that the company had exercised this right before the loss, the
court ought not to infer it.   Forfeitures are not favored, par-
ticularly where the delay can be compensated for in money.
*Boyd v. Talbert*, 12 Ohio, 212; *Smith v. Whitbeck*, 13 Ohio
St., 471.

LYON, J.   The agreement contained in the note given for
the premium is part of the contract of insurance; and the
cases cited by the learned counsel for the defendant abundant-
ly show that under such contract the liability of the defend-
ant on the policy was absolutely suspended by the failure of
the plaintiff to pay the note when due.   The note never hav-
ing been paid, such liability was never restored; and the loss
occurring after the plaintiff was thus in default, the defendant
is not liable therefor.   It is so held, and the reasons are suffi-
ciently stated, in *Joliffe v. Madison Mut. Ins. Co.*, *ante*, p.
111.   Those reasons need not be repeated here.

The portion of the answer demurred to states a perfect de-
fense to the action; and the demurrer should have been over-
ruled.

*By the Court.* — Order reversed, and cause remanded for further proceedings according to law.