## No. 2307.

## M. COHEN ET AL. *v.* THE CONTINENTAL FIRE INSURANCE COMPANY.

1. INSURANCE.—An insurance company may, through its authorized agent, contract by parol for the renewal of a policy of insurance, although it may be stipulated on the face of the policy itself that this shall not be done.

2. SAME—FORFEITURE.—Though a policy of insurance be forfeited by the failure to pay the premiums according to conditions, yet an agent duly authorized may waive the forfeiture, and thereby re-instate the obligation.

3. SAME—WAIVER.—When a policy of insurance provides for a forfeiture upon failure to pay the premiums which are to fall due, but does not

stipulate that upon such failure the over due premiums shall be considered as earned, a demand for, and payment of such premium, constitutes a waiver of the forfeiture. It is otherwise when the policy stipulates that upon default in any instalment the insurance shall cease and the instalment shall be considered as earned.

4. Cases Reviewed—Insurance Company v. Norton, 96 M. S., 234, and Chicago Life Insurance Company v. Warner, 80 Illinois, 410, reviewed.

5. Demand—Forfeiture.—A mere demand for the payment of an over due premium, without its payment, is not sufficient to reinstate a policy which is forfeited.

Appeal from Leon.    Tried below before the Hon. James I. Perkins.

*Kirvin, Gardner & Etheridge,* for appellants, cited Murphy v. Insurance Company, 3 Baxter, 440; same case, American Reports, 761; The Dayton Insurance Company v. Kelly, 24 Ohio State, 345, same case, 15 American Reports, 612; Goit v. National Protective Insurance Company, 25 Barbour (N. Y.), 189; Hallock v. Commercial Insurance Company, 26 New Jersey, 268; Whitaker v. Farmer's Insurance Company, 29 Barbour (N. Y.), 312; Insurance Company v. Lyons, Lindenthal & Co., 38 Texas, 253; White & Willson's Civil Cases, section 1347; Bouton v. American Mutual Life Insurance Company, 25 Connecticut, 542; Baptist Church v. Insurance Company, 19 New York, 305; May on Insurance, section 4; Id., section 358; Joliffe v. Madison, etc., Insurance Company, 39 Wisconsin, 111; same case, 20 American Reports, 35; Gorton v. Dodge County, etc , Insurance Company, 39 Wisconsin, 121; Kirk v. Dodge County, etc., Insurance Company, 39 Wisconsin, 138; same case, 20 American Reports, 39; Schultze v. Hawkeye Insurance Company, 42 Iowa, 239.

*Hutcheson, Carrington & Sears,* for appellee, cited Continental Insurance Company v. Busby, 6 Texas Law Review, page 49; Pitts v. Insurance Company, 100 Massachusetts, 500; Williams v. Insurance Company, 19 Michigan, 451; Wall v. Insurance Company, 36 New York (9 Tiff.), 158; Roehner v. Insurance Company, 63 New York, 163; Baker v. Insurance Company, 43 New York, 284; The Reporter, volume 6, page 180; 4 Wait's Actions and Defenses, 103; Insurance Company v. Fay, 22 Michigan, 467.

That appellants, not having either paid or tendered the premium, had no right of action, they cited Insurance Company v. LePert, 52 Texas, 504; Bergson v. Insurance Company, 38 California, 541; Watrous v. Insurance Company, 35 Iowa, 582;

Williams v. Insurance Company, 19 Michigan, 451; Roehner v. Insurance Company, 63 New York (18 Sick.), 163; Joliffe v. Insurance Company, 39 Wisconsin, 111; Baker v. Insurance Company, 43 New York (4 Hand), 284; Pitt v. Insurance Company, 100 Massachusetts, 500; Edge v. Duke, 18 Law Journal, chapter 183; 4 Wait's Actions and Defenses, 105.

GAINES, ASSOCIATE JUSTICE.   Plaintiff's application for insurance contained the following clause : " It is also covenanted and agreed, that if default is made in payment at maturity of any one of the installments of premium to be paid as stipulated in premium note given herewith, the whole amount of all the installments, remaining unpaid in said policy, shall become immediately due and payable and the policy of insurance issued hereon, shall cease to insure, and said Continental Insurance Company shall not be liable for any loss or damage which may accrue to premises insured thereunder, during such default, nor until such policy shall be revived by written consent of the superintendent of said company's southwestern department, or by an officer of said company on payment to him of all amounts due thereon."

The policy issued in accordance with this application contained the following provision : " This company shall not be liable for any loss or damage under this policy if default shall have been made in the payment of any installment of premium due by the terms of the installment note." It was also stipulated that the policy should become void if the insured should neglect to pay the premium.   The policy also refers to the application and to the premium note.   It was to continue for five years and was dated March 12, 1883.   A cash premium of eight dollars was paid upon delivery of the policy and a premium note for thirty-two dollars executed, payable in installments of eight dollars each on the first day of March of the years 1884, 1885, 1886 and 1887 respectively.

The first installment was not paid, and on the ninth of November next after it matured, the property insured was destroyed by fire.   In order to arrive at the effect of the, provision for a forfeiture of the policy, plaintiffs proved that after the installment fell due, one Bridges, an agent of the company, frequently made demand for the premium upon blanks of the company issued for that purpose, that on one occasion he added " unless you pay now you will be without insurance," and that about the middle of

October he sent another demand and wrote that if the premium was not paid by the twenty-fifth of that month it would be collected by an attorney or through the bank. Plaintiffs were ready and willing to pay the note, had it been presented by a bank or an attorney. Bridges was agent of the company to solicit applications and to receive and transmit premiums; but Dargan & Trezevant were the company's superintendent for the southwestern department and as such issued policies applied for, as they saw fit.

There can be no doubt that an insurance company, through its authorized agent, may contract by parol for the renewal of a policy, although it may be stipulated on the face of the instrument itself that this shall not be done. There is no peculiar sanctity attached to such provision in contracts of this character which makes them an exception to the general rule that parties to an agreement may, by mutual concurrence, change its terms at any time after its execution so as to meet their pleasure or interest. A contract of insurance may be by parol, and its terms may be changed by parol, by mutual assent. It has accordingly been held, in numerous decisions, that though a policy be forfeited by the failure to pay the premiums according to its conditions, yet an agent, duly authorized, may waive the forfeiture, and thereby reinstate the obligation. The cases go even further, and decide that the authority of the agent may be implied from a previous waiver of a former forfeiture of the same policy, or from a general custom of such agent to exercise such power over the contracts of the company. (Insurance Company v. Norton, 96 Otto, 234; Chicago Life Ins. Co. v. Warner, 80 Illinois, 410; Holmes v. Philadelphia Life Ins. Co., 61 Penn. State, 107; Bowman v. Ins. Co., 59 New York, 521; Westchester Fire Ins. Co. v. Earle, 33 Mich., 143; The Trustees, etc., v. Brooklyn Fire Ins. Co., 19 New York, 305.)

It may also be considered as settled law that when a policy provides for a forfeiture upon failure to pay premiums which are to fall due, but does not stipulate that upon such failure the overdue premiums shall be considered as earned, a demand and payment of such premium constitutes a waiver of the forfeiture. (Joliffe v. Madison Mutual Ins. Co., 39 Wis., 111.)

This is upon the principle, that in such case, the insurance and the premium are obligations which depend each upon the other, and hence that a receipt of the latter necessarily implies that the insurer recognizes or renews the original contract, and thereby

assumes the continuance of the risk.   It is manifestly just that if he takes payment of the premium, which is but the consideration of a contract of insurance on his part, he should be held responsible for the loss if any occurs.   Such is not the case however, when the contract is, that upon default in any installment, the insurance shall cease and the installment shall be considered as earned.   Then the insurer has the right to the premium although the insurance is forfeited, and hence a demand and payment of the premium is not held a waiver.   (Gorton v. Dodge County, etc., Ins. Co., 39 Wis., 121.)

We have found no case, which goes to the extent of holding that merely a demand of the payment of the overdue premium, without its payment, is sufficient to reinstate a policy which is forfeited.   Such is, however, the contention of appellants in the case before us.

We will briefly notice some of the cases which have been cited in support of that position: Insurance Company v. Norton, 96 United States, 234, was a suit by appellee upon a life insurance policy on the life of her husband.   There was a default on the last premium which fell due before the death of the assured; but her case was, that after it had matured and before the death an agreement had been entered into between the agent of the company and the assured that the time of payment should be extended, and that before the extension had expired the premium had been tendered.   It was proved on behalf of appellee, that the agent who made the transaction, had been accustomed to take notes and extend the time of payment and that the company had ratified his acts.   The majority of the court held, that these facts were sufficient to reinstate the policy and that there was sufficient evidence of them to go to the jury and to warrant their finding.   Three of the judges dissented.

In the Chicago Life Insurance Company v. Warner, 80 Illinois, 410, the premium fell due June 28.   On the first of that month the company wrote to the assured that he would be entitled to a dividend on the twenty-eighth.   The premium was not paid on the twenty-eighth, and on the twenty-ninth he died.   On July 2 the company wrote the assured that if he wished to continue the policy to remit the amount of the premium by return mail.   The balance of the premium, after deducting the dividend, was tendered a few days after.   The court held that there was no forfeiture, putting the decision upon the ground that the retention of the dividend, under the circumstances, was to be

deemed a part payment of the premium, and that this was a waiver of the forfeiture. Two of the judges who concurred in the decision did not concur in the ground upon which it was placed. They considered the letter as showing an election on the part of the company to continue the policy in force.

Now, it will be seen that in the former case there was an express agreement for an extension, by a duly authorized agent, and a tender before the extension expired. In the latter case the five judges who concurred in the opinion held virtually that the company received part of the premium, and thereby waived the forfeiture. We have found no case going further than these in support of the position taken by appellants.

If the appellants in this appeal had paid the premium upon demand, they would have had a very different case; and if the authority of the agent to receive the payment had been shown, or the company had ratified his act, by appropriating the money or otherwise, we should think him clearly entitled to recover. But here was no payment, or tender of payment, nor any agreement, either before or after default, for an extension of time. Bridges, who was certainly agent for certain purposes, did make demand and did threaten to put the claim out for collection, and it would seem that he contemplated that the insurance should continue if the money was paid.

But it no where appears that they ever indicated by any act that they desired to pay the premium and continue the insurance, or ever, in any manner, agreed to do so. The fact that they were ready and willing to pay on October 25, the date at which Bridges threatened to put the note out for collection, we think can make no difference. There is no act of theirs before the loss occurred from which it can be inferred that they had any desire to continue the contract with the company; on the contrary, it is rather to be presumed that they were utterly indifferent whether the policy was continued in force or not.

It is said in May on Insurance, section 362, and in Wait's Actions and Defenses, volume 4, page 57, that a demand, and even a suit brought, for an over due premium is no waiver of a forfeiture. Both authors cite, in support of this proposition, the case of Edge v. Duke, 18 Law Journal, chapter 183.

This case we have not been able to examine, the volume not being accessible to us. (See Gorton v. Dodge Co. Insurance Co., supra; Roehner v. Knickerbocker Ins. Co., 63 N. Y., 160; Pitt v. Berkshire Life Ins. Co., 100 Mass., 500; Baker v. Union Mut. Life

Ins. Co., 43 N. Y., 83.)   We think, therefore, that appellant's position, that there was a waiver in this case, can not be maintained, even if it had been shown that Bridges had authority to reinstate the contract after forfeiture.   This agency, however, was by no means established.   The courts, in order to prevent forfeitures in such cases, have frequently held slight circumstances sufficient to warrant them in finding such authority to exist.   The evidence in this case is that Bridges was merely the agent to receive applications and to collect premiums, and that he had no authority to make contracts of insurance.   There was no evidence that he had granted any previous extension.   The circumstance that he made demand on the company's blanks may tend to show his authority for this purpose.   But we can not say the judge below erred if he held this insufficient.

There are no findings of fact in the record, and we have to give every intendment to the judgment.   So that, unless it should be held that the judge below found against the weight of evidence upon the question of Bridges's agency, the judgment should not be reversed.

We are, therefore, of opinion that there is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered February 4, 1887.