ROYAL INS. CO. v. W. P. WRIGHT & CO.

(Court of Civil Appeals of Texas. Dallas. June 15, 1912.)

1. INSURANCE (§ 633*)—FIRE INSURANCE—PETITION—OWNERSHIP.

Plaintiff's petition in an action on an insurance policy, alleging that the policy was on "his certain stock of merchandise," was a sufficient allegation of ownership of the property destroyed, as against a general demurrer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1594; Dec. Dig. § 633.*]

2. INSURANCE (§ 335*)—POLICY—BREACH—INVENTORY CLAUSE.

There could be no breach of a clause of an insurance policy requiring that an inventory be made within 30 days, until the expiration of such 30 days.

[Ed. Note.—For other cases, see Insurance. Cent. Dig. § 853; Dec. Dig. § 335.*]

Error to District Court, Hunt County; T. D. Montrose, Judge.

Action by W. P. Wright & Co. against the Royal Insurance Company. From a judgment for plaintiffs, defendant brings error. Affirmed.

Wm. Thompson, of Dallas, and Looney, Clark & Leddy and Will C. Thompson, all of Greenville, for plaintiff in error. Evans & Carpenter, for defendants in error.

RAINEY, C. J. Defendants in error sued to recover of plaintiff in error the value of a certain stock of merchandise destroyed by fire, which was covered by a policy of insurance against loss issued by plaintiff in error for $1,500. Plaintiff in error answered by general and special demurrers, general denial, specially a breach of the policy in the failure to comply with what is usually known as the "iron-safe clause," and fraud on the part of defendants in error in moving from their store certain merchandise of which they made no entry. W. B. Austin intervened as trustee, alleging that said policy had been transferred to him in writing for the benefit of creditors, and adopting plaintiff's petition as to statement of cause of action. A trial was had, and verdict and judgment rendered for defendants in error for $1,460, from which plaintiff in error alone prosecutes this writ of error.

Conclusions of Fact.

Defendants in error were doing a mercantile business in the name of W. P. Wright & Co., in the town of Rockwall. On December

---

2, 1910, plaintiff in error issued to them a policy of insurance aganst loss by fire for $1,500, covering a stock of merchandise and payable to W. P. Wright & Co. On December 13, 1910, a fire occurred, which destroyed said merchandise, and the damage to defendants in error caused by said fire was at least equal to the amount found by the verdict.

### Conclusions of Law.

[1] 1. The petition of plaintiffs, alleging in substance that defendant on December 2, 1910, by its policy No. 34 insured them for a term of one year from date against loss or damage by fire to the amount of $1,500 on their certain stock of merchandise, consisting principally of dry goods, groceries, etc., is a sufficient allegation of ownership of the property destroyed as against a general demurrer. Insurance Co. v. Jameson Bros., 31 Tex. Civ. App. 651, 73 S. W. 418.

2. Assignments 2, 3, 4, 5, 6, 7, 8, and 9 complain of the admission of the testimony of certain witnesses. There was no material error in admitting said testimony, and said assignments are overruled.

3. Defendants in error were not guilty of fraud in representing to plaintiff in error that the amount of goods destroyed was of greater value than it really was; nor of fraud in allowing goods to be moved from their store by defendant in error's wife, for the purpose of deceiving plaintiff in error.

[2] 4. Defendants in error did not breach the record warranty clause of the policy. At the time the policy was issued, plaintiffs had no correct inventory on hand. Under these conditions, the said clause required one to be made within 30 days from the date of the policy, and no breach could occur until the expiration of the said 30 days.

5. There was no material error in the charge of the court. It sufficiently applied the law to the facts, and the assignments complaining of the charge are not well taken.

6. The evidence shows the issuance of the policy, the destruction of the merchandise by fire, and is sufficient to support the verdict; there being no material violation of the insurance contract.

The judgment is affirmed.