WESTCHESTER FIRE INS. CO. v. ROBIN-
SON. (No. 1705.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 25, 1917.)

1. INSURANCE ⬤⟿145(1)—CONTRACT BETWEEN AGENT AND INSURED—CONSTRUCTION.

A parol agreement by the agent of an insurer with insured, made at the time the policy was issued, that the agent would keep the insurance in force by renewing the policy before it expired, the insured to pay the premium for each renewal, was in legal effect an executory contract to contract in the future to renew the policy, which would require the interposition of equity to give it effect, and was not an executed contract of renewal or to insure in the future.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 276, 278–283, 287–291.]

2. INSURANCE ⬤⟿145(2)—AGENTS—AUTHORITY —RENEWAL.

An insurance company, through its authorized agent, may contract by parol for the renewal of a policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 277.]

3. INSURANCE ⬤⟿128(1) — SPECIFIC PERFORMANCE ⬤⟿78—CONTRACT TO INSURE IN FUTURE.

Contracts to insure in the future are valid, and specific performance thereof may be compelled even after a loss which would be covered by the policy if issued.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 188–191; Specific Performance, Cent. Dig. § 213.]

4. INSURANCE ⬤⟿608 — CONTRACT FOR RENEWAL.

A contract of insurance or for the renewal of a policy is an executed contract, which can be enforced at law.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1517, 1519.]

5. INSURANCE ⬤⟿145(2)—AGENT—AUTHORITY OF AGENT—CONTRACT FOR RENEWAL.

While a provision in a fire policy that the policy could, by renewal, be continued in consideration of the premium for the renewal term would authorize an agent who was authorized to make insurance and issue and deliver policies to make a parol contract for renewal in the future, it did not authorize an oral agreement to contract in the future to renew the policy on its expiration, and the company was not bound by such agreement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 277.]

6. INSURANCE ⬤⟿145(2) — AGENT — PERSONAL LIABILITY.

Where the agent of a fire insurance company was not authorized to make an agreement to contract for a renewal of the policy in the future, an oral agreement to do so was the individual promise of the agent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 277.]

Appeal from District Court, Rusk County; W. C. Burford, Judge.

Action by Mrs. E. C. Robinson against the Westchester Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and entered.

Appellee's dwelling and its contents were destroyed by fire on April 6, 1914, at about 2 o'clock in the afternoon. This action is brought by appellee to recover the amount of $1,000 alleged to be due on a renewal contract of insurance on the dwelling and the household goods. The defendant denied the allegations in the petition, and pleaded the want of authority in the agent to make the character of agreement claimed by plaintiff. On April 5, 1913, appellee procured from the appellant, through its agent at Tatum, Tex., a policy of insurance upon the dwelling and the household goods. The policy insured the dwelling and household goods in the sum of $1,000 from April 5, 1913, to noon April 5, 1914. T. M. Kensey was the agent of appellant company at Tatum on April 5, 1913, and at all times since. He had authority from the appellant company to take applications for fire insurance, to inspect the property, to write and deliver the policies, and to collect the premiums. He was not required to send an application for insurance to the home office before issuing and delivering the policy, but he was required to make a report, each day, of the policies written. The appellant company authorized the issuance only of a one-year policy or a three-year policy. The agent testified that it was his practice, very shortly before a policy issued by him expired, to go to the policy holder and ask him if he wanted it renewed, and if the policy holder said yes, he would actually renew it, otherwise he would not. There is no evidence showing authority in the agent Kensey to make agreements to contract in the future to renew insurance. The policy issued on April 5, 1913, contains the following provision:

"This policy may, by a renewal, be continued under the original stipulations, in consideration of premium for the renewed term, provided that any increase of hazard must be made known to

this company at the time of renewal or this policy shall be void."

Appellee testified that on April 5, 1913, the day the policy was issued, she and Kensey, as agent of appellant, entered into a parol agreement by which Kensey, as agent, promised and agreed that said policy could be left in force by renewal thereof from time to time as same might expire, appellee to pay the same annual premium for each renewal. The agent Kensey denied the existence of such oral agreement. Appellee testified as follows:

"I had written Mr. Kensey, the agent of the Westchester Fire Insurance Company, to come up to see me, and he did come up and wrote a policy for me. He proposed to insure the dwelling and furniture for a term of three years, and I told him one year would be all right if he would keep it up and renewed every year. Mr. Robinson, my husband, always did that, that is, have the policy written for a one-year term, and I will do the same. I thought that was all I had to do, was to pay the premium, and that would keep it up, that is what I wanted to do and intended to do, was to keep it up. Mr. Kensey was the agent of Westchester Fire Insurance Company, and made me the promise and agreed to renew the policy before its expiration and keep it in force, my understanding being that he was to keep it up and I had to pay the premium when the new policy was turned over to me. Mr. Kensey as the agent of the Westchester Fire Insurance Company agreed to keep the policy in force in the same company that the first policy was written in, the Westchester Fire Insurance Company, and that the premium would be $13 a year, and I paid that sum. * * * Mr. Kensey, the agent, first suggested that I take out a three-year policy, and I said that I did not want it that way, but wanted a one-year policy. I wanted him to keep it up, to see that it did not run out, and I was to pay for it, and I thought that was all that I had to do. I depended on him to keep it up, and I was to pay for it. I told him that I wanted to keep it up every year; he wanted it three years, and I said that one year will do; that Mr. Robinson kept it that way and I will pay it that way, and I paid it. * * * Aside from the $13 I paid Mr. Kensey I have paid him no other sums."

The only premium paid by appellee was the premium on the policy of April 5, 1913. There was no policy of renewal actually issued, or renewal actually made. Insured made proofs of loss, and defendant denied liability and refused to pay the loss. The case was submitted to the jury on the following single special issue:

"State whether or not T. M. Kensey orally agreed with Mrs. E. C. Robinson that he would keep her insurance in force by renewing the policy before the same would expire, her only obligation being to pay the payment for each renewal."

The jury answered, "Yes." The court thereupon entered judgment for appellee for the insured amount of $1,000.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for appellant. Chas. L. Brachfield, of Henderson, for appellee.

LEVY, J. (after stating the facts as above). [1-3] Appellee predicates the right of recovery for the loss of the dwelling and goods as upon a contract of renewal of her policy of April 5, 1913, expiring at noon April 5, 1914, before the fire. And the most important question in the appeal is whether, upon the facts, the appellee is entitled to recover. As found by the jury, T. M. Kensey orally agreed with appellee that he would keep her insurance in force by renewing the policy before the same would expire, the appellee to pay the premium for each renewal. And in the light of the evidence it is made clear that the agreement, as expressed in the verdict, was made at the time the policy of April 5, 1913, was taken out, and that there was intended by the parties only the continuing in force of said policy after its expiration according to its terms by renewal thereof from time to time, without limit of duration, as same might expire, upon appellee's paying the same annual premium for each renewal. The language of the agreement, in the light of the surroundings, plainly indicates an intention on the part of the agent, Kensey, to do something for appellee in the future, rather than a present assumption of an obligation upon his company. And the character of the agreement is, in legal effect, that of an agreement to contract in the future to renew the policy. It is not an executed contract of renewal nor an executed contract to insure in the future. It is not doubted that an insurance company, through its authorized agent, may contract by parol for the renewal of a policy. Cohen v. Ins. Co., 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24. And contracts to insure in the future are held valid, and specific performance thereof may be compelled even after a loss which would be covered by the policy if issued. But the law distinguishes between the executed contract of insurance or for renewal of the policy and a mere promise or agreement to contract in the future to renew the policy.

[4] A contract of insurance or for the renewal of the policy is an executed contract, which can be enforced at law. And a promise or agreement to contract in the future to renew the policy is executory, and requires the interposition of equity to give effect to the agreement of the parties. 1 Wood on Ins. §§ 29–31; 6 R. C. L. p. 590, § 9. And the promise of an agent, as here, to renew a policy at its expiration is not equivalent to a renewal. Benner v. Fire Assoc., 229 Pa. 75, 78 Atl. 44, 140 Am. St. Rep. 706.

[5] In Zell v. Ins. Co., 75 Wis. 521, 44 N. W. 828, the plaintiff held a policy of insurance for one year, expiring March 30, 1887; and shortly before the expiration of this policy he applied to the agent of the company to renew or continue in force the policy for another year from the termination of the existing policy, and paid the agent the premium for such renewal; and upon the payment of such premium the agent promised the plaintiff to continue the policy in force

for another year. It was held by the court that under such facts the contract was a completed oral contract of renewal insurance and within the authority of the agent to make and binding on the company. And on a similar state of facts, and with the same holding of being a completed contract of renewal, are the following: Newark Machine Co. v. Ins. Co., 50 Ohio St. 549, 35 N. E. 1060, 22 L. R. A. 768; More v. Ins. Co., 130 N. Y. 537, 29 N. E. 757; Hardwick v. Ins. Co., 20 Or. 547, 26 Pac. 840; Croft v. Ins. Co., 40 W. Va. 508, 21 S. E. 854; King v. Ins. Co., 58 Wis. 508, 17 N. W. 297; Campbell v. Ins. Co., 73 Wis. 100, 40 N. W. 661. But all these cases and the principle of law made applicable are quite different from the instant case. In these cases, and generally, it is held that the agent has authority to make a parol contract for renewal in the future where he is authorized to make insurance and issue and deliver policies. But it is not held that the power of the agent, arising under the authority proven, to make a contract for renewal is broad enough to authorize him to bind the company by an agreement to contract in the future, to renew the policy. The policy in evidence stipulates that it may, by renewal, be continued under the original stipulations, in consideration of premium for the renewed term. But in McCabe v. Ætna Ins. Co., 9 N. D. 19, 81 N. W. 427, 47 L. R. A. 641, this identical provision was in review, and it was there held that this provision only authorized the agent to make a contract for renewal, and not to make a preliminary agreement to renew in the future the policy upon its expiration. It is therefore concluded that the agreement in the instant case is lacking in the essentials of a completed contract to renew the policy at its expiration, and that there is no proof that the agent had authority to make the agreement in the case.

[6] Consequently the agreement found by the jury, must be held to be the individual promise or undertaking of T. M. Kensey, and the company was not bound. Diamond v. Duncan (Sup.) 172 S. W. 1100. This ruling requires that the judgment be reversed, and that judgment be here entered in favor of appellant, with costs of appeal and of the trial court.