AMERICAN CENT. INS. CO. v. ROBINSON.
(No. 8312.)

(Court of Civil Appeals of Texas. Dallas. Feb. 7, 1920. Rehearing Denied March 13, 1920.)

1. ACTION ☞47—CAUSES OF ACTION FOR DEBT AND SOUNDING IN TORT ARE IMPROPERLY JOINED.

In an action upon a fire insurance policy and upon a contract of renewal by the insurer's agency, wherein the defendant vouched in the members of such agency and asked judgment against them for an amount of any judgment recovered by plaintiff, the plea in abatement by the members of such agency, asking a dismissal because of the improper joinder of causes of action, was properly sustained, and the cause of action alleged in the plea against the agency severed from the cause of action against defendant, as it was improper to join two actions, one for debt and the other sounding in tort.

2. APPEAL AND ERROR ☞1039(16)—SUSTAINING OF PLEA IN ABATEMENT FOR MISJOINDER OF CAUSES OF ACTION HELD HARMLESS.

In action against an insurance company for debt on its policy and on a contract for renewal,

wherein it vouched in the members of a partnership agency against whom the action sounded in tort and asked judgment over against such agency, the severance, on sustaining plea in abatement, of the cause of action against the defendant and against the agency was harmless, where the action against the agency was ordered to remain on the docket to be tried at a subsequent term, and defendant was not denied any relief to which it was entitled.

3. INSURANCE ⚖➞668(3)—REFUSAL OF PEREMPTORY CHARGE FOR DEFENDANT HELD PROPER.

In an action on a fire policy, refusal of defendant's request, at close of plaintiff's testimony, to give a peremptory instruction for defendant because there was no evidence sufficient to support a judgment against it was not error, where the evidence justified the finding of the jury that before expiration of its first policy plaintiff had made a contract with defendant's agent for the renewal of such policy at its expiration.

4. INSURANCE ⚖➞145(1)—PAROL CONTRACT WITH AGENT FOR RENEWAL OF POLICY IS BINDING ON INSURER.

An oral contract with an insurer's agent for the renewal of a fire policy at its expiration is binding on the insurer and sufficient, although it was not reduced to writing until after the fire.

5. INSURANCE ⚖➞392(6)—WHERE RENEWAL POLICY IS ISSUED WITH KNOWLEDGE OF FIRE INSURER ESTOPPED TO DENY LIABILITY.

Where a renewal policy was written up, and after being informed of the circumstances as to a loss and the renewal the insurer demanded the payment of the premium thereon, which it received and retained, it was estopped from denying liability of the loss.

6. INSURANCE ⚖➞145(1)—DIFFERENCES IN TERMS BETWEEN ORIGINAL POLICY AND RENEWAL POLICY HELD NOT TO DEFEAT RECOVERY.

That a renewal policy differed from the original fire policy in the length of time it was to run and in the amount of the premium, etc., did not militate against a recovery, where the insurer's agent was empowered to write the insurance as it was written.

7. INSURANCE ⚖➞145(1)—ACTION IS MAINTAINABLE ON CONTRACT TO RENEW POLICY.

An action may be maintained upon a contract to renew a pre-existing policy.

8. INSURANCE ⚖➞145(1)—CONTRACT TO RENEW POLICY IS PRESUMED TO BE ON SAME TERMS AS OLD POLICY.

Without an agreement to the contrary, the presumption is that when a contract to renew a policy is made it contemplates that the same terms, time, and premium as formerly existed should apply to the contract of renewal.

9. INSURANCE ⚖➞145(3)—PAYMENT OF PREMIUM NOT ESSENTIAL TO VALIDITY OF RENEWAL CONTRACT.

The payment of a premium is not essential to the validity of a contract to renew a fire policy, and in ascertaining whether the premium has been paid or waived the habit, custom, and course of dealing between the insured and the insurer's agent may be considered.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by J. W. Robinson against the American Central Insurance Company, in which defendant, by plea in the alternative, vouched in West, White & Woodall, a partnership agency, and asked judgment over against them for amount of any judgment in favor of plaintiff. Judgment for plaintiff ordering action against partnership to remain on docket for trial at a later term, and defendant appeals. Affirmed.

Dupree & Crenshaw, of Hillsboro, and Lattimore, Bouldin & Lattimore, of Ft. Worth, for appellant.

Wear & Frazier, of Hillsboro, and Thompson, Knight, Baker & Harris and Geo. S. Wright, all of Dallas (Will C. Thompson, of Dallas, on the brief), for appellee.

RAINEY, C. J. This statement of the case is taken in part from the brief of appellees, as follows:

"J. W. Robinson sued the American Central Insurance Company, alleging, in substance, that on September 23, 1916, defendant issued him a six months' fire insurance policy, for a premium of $436.80, covering $20,000 on cotton in bales at Hillsboro and other Texas points; that on this date and in January, 1917, and on March 16 or 17, 1917, defendant contracted for the renewal of this policy at its expiration date. Plaintiff further alleged that his cotton was destroyed at Hillsboro by fire on March 29, 1917; the amount of the loss being $43,543.66. He was advised after the fire that defendant's agent had failed to issue a written renewal of the policy above described. At the time of the fire plaintiff carried a total insurance of $57,330. Plaintiff alleged further that on March 29, 1917, defendant, for the purpose and with the intention of fulfilling its contract of renewal, issued plaintiff another policy for $20,000 for the term of three months from March 23, 1917; the premium being $358.40, and the property described being cotton in bales situated at Hillsboro and other Texas points. After again alleging his loss and the total insurance, plaintiff asked for judgment for $8,106.60, with interest from the date defendant denied liability and costs. Appellant states that the substance of its answer is that the policy issued to appellee had expired prior to the fire, and that no renewal policy had been issued and no binding renewal contract had been made by appellant.

"The case was submitted to the jury on special issues, and in reply to them the jury found that the defendant, acting through its agent, Guy C. West, prior to the expiration of its policy No. 5117 (the first one), then in force, contracted with the plaintiff for its renewal; that the market value of plaintiff's cotton at Hillsboro immediately preceding the fire was $50,295.76, and that its market value immediately after the fire was $5,735.03; that the market

value of plaintiff's cotton at Waco location was on the date of fire $43,951.30; that the defendant after receiving plaintiff's proof of loss accepted from the plaintiff the premium for the renewal of policy 5117; that Guy C. West, in agreeing to keep plaintiff's insurance in force, was acting as the agent of the American Central Insurance Company."

Defendant answered by plea in the alternative, vouching in White, Woodall, and West, and asking judgment against them for the amount of such judgment, if any was given in favor of Robinson.

The evidence shows that on September 23, 1916, appellant company issued a policy No. 5117 covering cotton situated in Hillsboro, Tex., which cotton was destroyed by fire on March 29, 1917. Said policy contained a renewal clause providing for renewal of said insurance when called upon by Robinson, appellee. On March 16 or 17, 1917, appellee made a contract with Guy C. West for a renewal of said policy at its expiration, but for some unaccountable reason said renewal of said policy was not written up until the 29th of March, 1917, when the renewal in accordance with said contract theretofore agreed to was written up, and is sued on in this suit as No. 5153. About one year after the burning of said cotton the appellant, being familiar with all the facts relating to the burning, called on appellee for the premium for issuing said renewal, which premium was paid to said appellant, and the same is still retained by appellant.

[1, 2] The contention of appellant is, by the first assignment of error, as follows:

"Because the court erred in granting the plea of misjoinder of parties of Guy C. West and granting a severance of said cause of action in favor of Guy C. West, because the cause of action of the defendant American Central Insurance Company over against Guy C. West grew out of the same act and transaction as the plaintiff's cause and the same proof necessary to sustain plaintiff's case would have sustained the American Central Insurance Company's case against Guy C. West, and Guy C. West was a proper party to said suit, and it would have avoided and prevented a multiplicity of suits."

The first proposition under said assignment is as follows:

"It is error in the court to grant a plea of misjoinder of parties when refusal to grant the same will avoid a multiplicity of suits and not delay the trial of plaintiff's case."

The original policy, No. 5117, was issued by appellant to appellee and the renewal, No. 5153, was issued by the Colonial Insurance Agency by Guy C. West, manager and agent.

West, White & Woodall, a partnership, filed a plea in abatement to appellant's plea vouching them in this suit, charging that there was a misjoinder of parties. They also excepted to the pleadings of the defendant American Central Insurance Company filed herein on the 3d day of April, 1919, making these defendants parties to the suit, and attempting to assert a cause of action against them by said pleadings, and say that same is insufficient in law, because it appears therefrom that there is a misjoinder of causes of action, as the cause of action asserted against said defendant American Insurance Company by the plaintiff, J. W. Robinson, in this suit is based on a contract in the form of an insurance policy alleged to have been issued, etc., and the cause of action alleged against these defendants by said defendant American Central Insurance Company is based upon a state of facts amounting to a tort, which, if true, would only give rise to a cause of action sounding in tort for damages. Wherefore defendant prays judgment of the court that this suit be dismissed because of the improper joinder of causes of action, and for costs of suit, etc. The court sustained said plea in abatement and:

"The court is of the opinion that said plea in abatement should be and the same is hereby sustained, being Nos. 3 and 4 in defendant's said answer, and the cause of action is alleged in the answer of the defendant insurance company against said defendants Woodall, West, and White, is severed from the cause of action between the defendant insurance company and the defendants West, White, and Woodall, to remain on the docket of this court to be tried at a subsequent term of this court."

We are of the opinion that the court committed no error in sustaining said plea in abatement, because it is improper to join two actions, one for debt and the other sounding in tort; besides, the action of the court in this instance was harmless, because the action against the partnership was ordered to remain on the docket to be tried at a subsequent term and appellant was not denied any relief to which it was entitled.

[3-5] Appellant's second assignment of error is, to wit:

"Because the court erred in failing to give a peremptory instruction in favor of the defendant American Central Insurance Company as requested by the defendant upon the close of the plaintiff's testimony, because there was no evidence in the case sufficient to support a judgment against the defendant."

It would have been improper for the court to have given a peremptory charge in favor of the appellant, as the evidence justifies the finding of the jury that before the expiration of the first policy, No. 5117, appellee made a contract with appellant's agent for the renewal of said policy at its expiration. This contract, though in parol, was binding on appellant and sufficient, although it was not reduced to writing until after the fire began, as contended by appellant. The renewal was written up, and after being informed of the circumstances surrounding the burning and

the renewal appellant demanded of appellee the payment of the premium, which it received and has ever since retained, which is sufficient to estop appellant from denying liability on the loss. Insurance Co. v. Wingfield, 49 Tex. Civ. App. 202, 108 S. W. 789; Insurance Co. v. Turner, 147 S. W. 625; Cohen v. Insurance Co., 67 Tex. 328, 3 S. W. 296, 60 Am. Rep. 24.

In Cohen v. Insurance Co., supra, just cited, our Supreme Court said:

"There can be no doubt that an insurance company, through its authorized agent, may contract by parol for the renewal of a policy, although it may be stipulated on the face of the instrument itself that this shall not be done. There is no peculiar sanctity attached to such provision in contracts of this character, which makes them an exception to the general rule that parties to an agreement may, by mutual concurrence, change its terms at any time after its execution so as to meet their pleasure or interest. A contract of insurance may be by parol, and its terms may be changed by parol by mutual assent. It has accordingly been held in numerous decisions that, though a policy be forfeited by the failure to pay the premiums according to its condition, yet an agent, duly authorized, may waive the forfeiture and thereby reinstate the obligation."

[6-9] Appellant further contends that the renewal policy sued on differs from the original in the length of time it is to run, in the amount of premium, etc. These differences do not militate against a recovery for appellee, as the agents were empowered to write the insurance as it was written. But treating it as a renewal of the former policy, the evidence supports a recovery, for the principle, as in the case of Orient Insurance Co. v. Wingfield, 49 Tex. Civ. App. 202, 108 S. W. 788, applies here, where it said:

"(1) That the action may be maintained, not upon a policy, but upon a contract to renew the policy, and that, in the absence of evidence to the contrary, the implication arises that the renewal is upon the same terms and conditions as stated in the old policy, and that the amount of insurance to be paid in the event of loss shall be the sum stated in the old policy; this being the measure of damages when there is a total loss and no change in the property or its value.

"(2) It is further held that, in the absence of agreement to the contrary, the presumption will be that when a contract to renew is made it is contemplated that the same terms, time, and premium as formerly existed should apply to the contract of renewal.

"(3) It is also held that the payment of premium is not essential to the validity of such a contract; that in ascertaining whether the premium has been paid or waived the habit and custom and course of dealing between the assured and the agent of the company may be looked to."

Various assignments are presented by appellant and all have been considered, but none, in our opinion, present reversible error, and the evidence supports the judgment.

The judgment is affirmed.