**REPUBLIC INS. CO. v. POOLE.***
(No. 7039.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 12, 1923. Rehearing Denied Jan. 9, 1924.)

1. Insurance ⊕131(1) — Parol contract of fire insurance not prohibited.

Under Rev. St. arts. 4876-4904, parol agreements as to fire insurance are not prohibited.

.2. Statutes ⊕212 — Legislation enacted on subject-matter of previous judicial decision, without changing rule laid down by it, presumably sanctions it.

Where decision of the Supreme Court, that a contract of insurance could be by parol by mutual consent, was followed by enactment of the present insurance statute, which does not prohibit such a parol contract, the inference arises that the Legislature sanctioned the rule laid down by the Supreme Court.

3. Insurance ⊕145(1)—Specific performance ⊕78—Oral contract to renew written policy of fire insurance is valid and will be specifically enforced.

An oral contract to renew a written policy of fire insurance is binding, and specific performance thereof may be enforced, even after a loss which would have been covered by the written policy.

4. Sunday ⊕11—Oral contract for insurance made on Sunday not invalid.

Neither in view of Pen. Code 1911, art. 299, nor article 302 is an oral contract for fire insurance invalid because made on Sunday.

Appeal from District Court, La Salle County; Covey C. Thomas, Judge.

Action by T. H. Poole against the Republic Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Coke & Coke, of Dallas, for appellant.
Arnold & Cozby, of San Antonio, for appellee.

FLY, C. J. This case is presented to this court on appeal from a judgment of $7,000, rendered on the answers of a jury to special issues submitted to them. The suit is founded on a verbal agreement made by an agent to issue an insurance policy on the "Anna M. Poole Place," in Cotulla, La Salle county, which was destroyed by fire on December 21, 1922, before any written policy was issued.

A bulky brief of 199 printed pages has been filed by the appellant, containing 31 assignments of error, and 38 "points," while really there is only one vital and important point in the case, and that as to the power of the agent to bind the insurance company by the parol contract he was alleged to have made. This court will not attempt to discuss the different points based upon the minute dissection of the central and controlling question.

In answer to special issues, the jury found: That C. F. Binkley, agent for appellant, entered into an agreement with appellee on December 17, 1922, to the effect that appellant insured the residence of appellee from that date, and that the insurance would be in the same company that issued the policy to Anna M. Poole, and that Binkley would write the policy in said company and deliver the same to appellee; the policy being the same as the former, except in amount.

The jury further found that Binkley was the agent of appellant, and was acting within the scope of the authority given him by appellant. The house was burned on December 21, 1922, before appellee received the written policy.

[1] It is the contention of appellant that the insurance laws of Texas not only provide

that insurance contracts must be in writing, in the form promulgated by the state insurance commission, but absolutely prohibit oral agreements as to fire insurance. In support of the propositions we are cited to articles 4876 to 4904, Revised Statutes of Texas. There is not found in either of the cited articles of the statutes any law against parol insurance. Article 4896, in which are found the matters and things which insurance companies are prohibited to do or undertake, contains no prohibition of oral agreements to insure. Appellant seeks to draw such prohibition from article 4891, which makes it the duty of the state insurance commission—

"to make, promulgate and establish uniform policies of insurance applicable to the various risks of this state, copies of which uniform policies shall be furnished each company doing business in this state, or which may hereafter do business in this state."

It is further provided that insurance companies shall adopt and use said forms and no other. However, the statute does not provide that if any other form is used, or an oral contract is made, it shall not be binding on the insurance company. On the other hand, in article 4896, after providing that "no company shall engage or participate in the insuring or reinsuring of any property in this state against loss or damage by fire, except in compliance with the terms * * * of this act," it is further provided that, if any agent of a company shall issue a policy without authority, and a loss is sustained by the policy holder, the company shall be liable to the policy holder thereunder, in the same manner and to the same extent as if said company had been authorized to issue said policy, although the policy was issued in violation of the provisions of the act of the Legislature as to insurance.

[2] There is no statutory provision against a contract by parol for a renewal to be made by an agent of an insurance company, and in the case of Cohen v. Insurance Company, 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24, the Supreme Court, speaking through Judge Gaines, held:

"There can be no doubt that an insurance company, through its authorized agent, may contract by parol for the renewal of a policy, although it may be stipulated on the face of the instrument itself that this shall not be done. There is no peculiar sanctity attached to such provision in contracts of this character which makes them an exception to the general rule that parties to an agreement may, by mutual concurrence, change its terms at any time after its execution so as to meet their pleasure or interest. A contract of insurance may be by parol, and its terms may be changed by parol, by mutual assent."

That decision was followed in this state and was the law when the present insurance statute was enacted, and, if the Legislature had desired to change the law as promulgated by the Supreme Court, it would have been enacted that no parol contract for insurance should ever be valid. This was not done, and the inference will arise that the Legislature sanctioned the construction placed upon insurance policies by the Supreme Court. Before and since the enactment of the insurance statute, the courts of Texas have followed the case of Cohen v. Insurance Company. Insurance Co. v. Shaffer, 30 Tex. Civ. App. 313, 70 S. W. 566; Ins. Co. v. Taylor (Tex. Civ. App.) 157 S. W. 950; Ins. Co. v. Robinson (Tex. Civ. App.) 192 S. W. 793; Dalton v. Ins. Co. (Tex. Com. App.) 213 S. W. 230; Ins. Co. v. Robinson (Tex. Civ. App.) 219 S. W. 277; Austin Fire Ins. Co. v. Adams-Childers Co. (Tex. Civ. App.) 232 S. W. 339; Ins. Co. v. Stubbs (Tex. Com. App.) 234 S. W. 1099; Ins. Co. v. Fields (Tex. Civ. App.) 236 S. W. 790; Ins. Co. v. Dolan (Tex. Civ. App.) 239 S. W. 236; Ins. Co. v. Adams-Childers Co. (Tex. Com. App.) 246 S. W. 365.

[3] The agreement in this case was to renew the policy in the future, not to ignore the provisions of law as to standard policies, but to obtain such a standard policy from appellant. It was a binding contract, and specific performance thereof may be enforced even after a loss which would have been covered by the written policy. Ins. Co. v. Robinson (Tex. Civ. App.) 192 S. W. 793; Ins. Co. v. Fields (Tex. Civ. App.) 236 S. W. 790; Ins. Co. v. Adams-Childers Co. (Tex. Com. App.) 246 S. W. 365; Ins. Co. v. Wingfield, 49 Tex. Civ. App. 202, 108 S. W. 788.

[4] Appellant in a supplemental brief seeks to avoid payment of the insurance money because it has, since the case was appealed, discovered that the contract of renewal was made on Sunday, that making the contract was work and in violation of a statute and therefore void. Contracts made on Sunday are not regarded as invalid. 25 R. C. L. § 16; Schneider v. Sansom, 62 Tex. 201, 50 Am. Rep. 521; Beham v. Ghio, 75 Tex. 87, 12 S. W. 996. The statute has no reference to making such a contract, because it could not be labor in the sense used in article 299, Rev. Crim. Stats. It does not refer to all business which is indicated in that it is sought to prevent business of certain kinds by another statute. Article 302, Rev. Crim. Stats.

The questions raised in this case have been decided time and again against the contentions of appellant, and the judgment will be affirmed.