ST. PAUL FIRE & MARINE INS. CO. v.
STELL.   (No. 834.)

Court of Civil Appeals of Texas.   Waco.
Sept. 19, 1929.

Rehearing Denied Oct. 17, 1929.

**400**

E. G. Senter and M. H. Baughn, both of Dallas, for appellant.

Collins & Martin, of Hillsboro, for appellee.

STANFORD, J. This suit was filed by appellee, T. C. Stell, against appellant, to recover $1,000 insurance on his stock of goods, which was totally destroyed by fire. Appellee alleged, in substance, that on February 25, 1927, appellant, through J. A. Christie, its local agent at Irene, Hill county, Tex., executed and delivered to appellee its policy of insurance No. 158642, insuring appellee against loss by fire on his stock of goods from noon February 25, 1927, to noon February 25, 1928, in the sum of $1,000; that said policy provided for its renewal; that about February 15, 1928, appellee contracted with appellant to renew said policy for another year at its expiration on February 25, 1928; that appellee relied upon appellant to renew said policy, and that, if it had been renewed by appellant, as said appellant had agreed to do, said renewal policy would have been substantially the same policy as No. 158642, which is made a part of appellee's pleading; that, by reason of said verbal agreement on the part of appellant with appellee to renew said policy and the satisfaction of the premium therefor by appellee, appellant became bound and obligated to protect appellee against loss by fire on his said stock of goods to the same extent as if appellant had actually renewed for another year said original policy No. 158642; that appellant failed to renew said policy, as it agreed and contracted with appellee to do, and as appellee relied upon it to so do; and that on February 27, 1928, two days after the expiration of the original policy as per its terms, the building and appellee's entire stock of goods therein contained were totally destroyed by fire, etc.

Appellant pleaded a general demurrer, a general denial, a provision prohibiting other insurance, a denial of the authority of J. A. Christie, and that, if Christie as agent of appellant did make the verbal agreement to renew the policy, he failed to report same to appellant's general agents at Houston, that the original policy contained the record warranty clause, requiring complete itemized inventories of stock, and of business transacted by appellee, the iron safe clause, the three-fourths clause, etc.; and alleged that, if said policy had been renewed, it would have contained all of said clauses, and that all of said provisions were breached, etc.

In response to special issues the jury found:

(1) That on or about the 15th day of February, 1928, and prior to the 25th day of February, 1928, J. A. Christie, as agent of the defendant, St. Paul Fire & Marine Insurance Company, did, in consideration of the regular premium to be paid by plaintiff, have an understanding and make an unconditional agreement with plaintiff to renew the certain $1,000 fire insurance policy dated February 25, 1927, and being the same policy that has been introduced in evidence in this case.

(2) That the reasonable cash market value of plaintiff's fixtures so insured at the time of the fire on the 27th day of February, 1928, was $750.

(3) That the reasonable cash market value of the stock of merchandise of plaintiff so insured at the time of the fire on February 27, 1928, was $3,500.

(4) That in the fire of February 27, 1928, plaintiff sustained a total loss of the stock and fixtures so insured.

On said findings and such other findings as the court, under the pleadings and evidence, was authorized to make, the court entered judgment for appellee for $1,000, from which judgment the appellant has duly appealed and presents the record here for review.

Under its first proposition, appellant contends the court erred in refusing to instruct a verdict in its favor for the following reasons:

▇ (a) Because there was no evidence to show any specific loss to any specific item of property, and appellee's testimony as to the loss was too vague to support the judgment. The record discloses that appellee was a merchant in the town of Irene, doing a general merchandise business, principally groceries, but that he also carried feed and cold drinks, and had fixtures. The original policy was for $250 on the fixtures and $750 on appellee's stock. The evidence is undisputed, and the jury found, that at the time of the fire appellee's fixtures were of the reasonable value of $750, and that his stock of merchandise was of the reasonable value of $3,500. The jury found, and the evidence is conclusive, that appellee's fixtures and his entire stock were totally destroyed. There being nothing left of either stock or fixtures to

salvage, it was impossible, and we think was not required to show specific loss to specific articles of property. There is no merit in the above contention.

█ (b) Because the evidence as to loss sustained included items not covered by the policy. The policy coverage was $250 on the fixtures and upon the merchandise as follows: "$750.00 on stock of merchandise consisting principally of groceries and cold drinks and other merchandise not more hazardous such as usually kept for sale in a grocery store." The evidence shows appellant, in addition to groceries, also carried some feed. There is no evidence that it is unusual for a grocery store in the country or in a small country town to also carry feed, and this court, in the absence of any evidence, will not so presume. Neither will we presume that feed is more hazardous than groceries. There is no pleading nor proof by appellant that appellee handled anything more hazardous than groceries and cold drinks.

(c) Because, as appellant contends, there was no evidence offered to support his claim that he made a definite contract or agreement with the agent of appellant to renew his insurance upon his stock of goods and fixtures. The jury found that appellee made such contract with the agent of appellant. We will not undertake to set out the evidence supporting such finding, but will say we have examined same, and find the evidence is not only ample to support the jury's finding, but there is no evidence to the contrary.

█ (d) Appellant contends further that appellee made no proof of loss in accordance with the provisions of the contract pleaded by him, in that, if the original contract had been renewed, as appellee claims appellant had contracted to do, then it would have been the same policy, except as to date of beginning and expiration, as No. 158642, and would have contained the same coverage, conditions, and provisions, and so would have contained the "record warranty clause," the "iron safe clause," the "no other insurance clause," and the "three-fourths insurance clause," the "inventory clause," and that all of said provisions were breached, etc. The law is well settled in this state that an insurance company, through its duly authorized agent, may contract by parol for the renewal of a fire insurance policy; and, in the absence of an agreement to the contrary, the presumption is that the renewal is upon the same terms, conditions, and amount as provided in the original policy. United States Fire Ins. Co. v. Fife et al. (Tex. Civ. App.) 6 S.W.(2d) 211; Cohen v. Ins. Co., 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24; American Cent. Ins. Co. v. Robinson (Tex. Civ. App.) 219 S. W. 277; Republic Ins. Co. v. Poole (Tex. Civ. App.) 257 S. W. 624; Orient Ins. Co. v. Wingfield, 49 Tex. Civ. App. 202, 108 S. W. 788; Austin Fire Ins. Co. v. Adams-Childers Co. (Tex. Civ.

App.) 232 S. W. 339. That J. A. Christie was the agent of appellant and had the authority to issue and deliver fire insurance policies, and also to contract for the renewal of such policies, is not questioned. That the said J. A. Christie, as agent for appellant, did, on February 25, 1927, issue and deliver to appellee the original policy for $1,000 covering his stock of goods is not controverted. That the said J. A. Christie, on or about February 15, 1928, about ten days before the expiration of the original policy No. 158642, as agent for appellant, did contract and agree with appellee to renew said policy for another year, is established by this record. Said original policy provided: "This policy may by a renewal be continued under the original stipulations, in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this company at the time of renewal or this policy shall be void."

█ There is no contention that there was any increase of hazard during the year following the year of the expiration of the original policy. We think appellee's rights under the renewal agreement attached and should be treated exactly the same as if the original policy No. 158642 had been "under the original stipulations" actually continued in force another year from February 25, 1928. The evidence is conclusive that appellant's agent, J. A. Christie, who issued the original policy and contracted to renew same, knew at the time he did so that appellee had no iron safe, and knew that appellee kept all his books, invoices, etc., in a wooden desk. The evidence shows an inventory was taken about a month before the fire, and that books and records were kept which met the requirements of the policy, but they were all destroyed by the fire. The iron safe and record warranty clauses, like any other provision of an insurance policy which is inserted for the protection of the insurer, may be by the insurer waived. Appellant, through its agent, J. A. Christie, knowing at the time the original policy was issued, and also when the renewal agreement was made, that appellee had no iron safe and kept his books, records, etc., in a wooden desk, by the issuance of said policy and by contracting to renew same thereby waived said clauses. Appellant, knowing appellee had no iron safe and was keeping his records in a wooden desk, will not be permitted, under well-settled principles of law, to acquiesce in his so doing by issuing and delivering the policy, renewing same, collecting the premiums thereon, and then, after a loss, for the first time make complaint and assert such failure as a defense. Detroit F. & M. Ins. Co. v. Wright (Tex. Civ. App.) 273 S. W. 628, writ refused; Camden Fire Ins. Co. v. Yarborough (Tex. Civ. App.) 229 S. W. 336, writ dismissed; Old Colony Ins. Co. v. Starr-Mayfield Co. (Tex. Civ. App.) 135 S. W.

252; Texas State Mut. Fire Ins. Co. v. Lev-53, 18 So. 86, 48 Am. St. Rep. 535; 3 Cooley, erette (Tex. Civ. App.) 289 S. W. 1032, writ refused; Mitchell v. Insurance Co., 72 Miss. Briefs on Insurance, 2644; 3 Joyce on Insurance (2d Ed.) 2064. The above contention of appellant is overruled.

What is said above applied with equal force to the clause prohibiting other insurance. The record is conclusive that at the time appellant, through J. A. Christie, issued said original policy, and at the time it, through said agent, contracted to renew same, it knew appellee had another policy in another company covering the same property for not over $1,500, issued by said agent Christie in another company, and its issuance of said policy and agreeing to renew same, having such knowledge, constituted a waiver of said clause. See authorities above cited. As the property destroyed was shown to be of the value of $4,250 or $4,500, and the total insurance on same did not exceed $2,500, appellant has no grounds for complaint under the clause limiting appellant's liability to three-fourths of the actual value of the property, nor under the clause limiting its liability to its proportionate part of three-fourths of the actual value of the property destroyed. Camden Fire Ins. Co. v. Sutherland (Tex. Com. App.) 284 S. W. 927; Southern Mut. Fire Ins. Co. v. Mazoch (Tex. Civ. App.) 291 S. W. 257, writ dismissed; Detroit F. & M. Ins. Co. v. Wright (Tex. Civ. App.) 273 S. W. 628.

Appellant's policy contained the following provision: "Section 1. The assured will take complete itemized inventory of stock on hand at least once in each calendar year and within twelve months of the last preceding inventory if such has been taken. Unless such an inventory has been taken within twelve calendar months prior to the date of this policy, and together with a set of books showing a complete record of business transacted since the taking of such inventory is on hand at the date of this policy, one shall be taken within thirty days after the date of this policy, or in each and either case this entire policy shall be null and void."

The contract of insurance as renewed became effective February 25, 1928. Under the above provision of the policy appellee had thirty days, or until March 25, 1928, in which to prepare such inventory, and, this being true, he could not have been in default in failing to furnish such inventory at the time of the fire on February 27, 1928. The record shows affirmatively there was no breach of the clause requiring an inventory to be furnished. Royal Insurance Co. v. Wright & Co. (Tex. Civ. App.) 148 S. W. 824; 14 R. C. L. p. 1142.

We have considered all of appellant's grounds upon which it contends it was entitled to an instructed verdict, as set forth in its first assignment, and overrule same.

Under a number of other propositions appellant again contends that, if J. A. Christie made any contract of renewal with appellee, same was too vague to be enforceable, and, if made, was the personal obligation of J. A. Christie. Appellee testified, in substance, that about February 15, 1928, he requested J. A. Christie to keep his policies in force. J. A. Christie testified: "Prior to the time this policy expired on February 25th, 1928, I did have a conversation with Mr. Stell with reference to a renewal of this policy * * * Mr. Stell instructed me to keep his insurance in force in the same amount and in the same companies. The St. Paul Fire & Marine Insurance Company was one of the companies in which he had a policy. After the adjustment of the removal damage by Mr. Davis, when Mr. Stell learned the companies his insurance was in, he stated that Mr. Davis had made such satisfactory adjustment with those companies, for me to keep his insurance in force in those companies with the same amount in each company. In reply to that, I stated that I would keep his policies in force."

There was no evidence that the agreement of Christie to renew the policy was a personal obligation. There is no merit in these contentions, and they are overruled.

Under other propositions, appellant contends the court erred in permitting appellee to testify in reference to a removal damage which occurred January 24, 1928, and the adjustment of same, because there were no pleadings to support it, and because whatever information was acquired in making said adjustment was not binding upon appellant, also because said evidence did not tend to throw any light on the issues in the instant case. The record shows that on January 24, 1928, a fire broke out in a building that was near the building occupied by appellee, and to protect his stock appellee moved his stock, or a part of it, from the building until the fire was put out, and a small claim for damage by removal was presented to the insurance company, adjusted, and paid. On February 27, 1928, the building occupied by appellee, and his entire stock, including books, records, etc., were totally destroyed by fire. The same adjuster who adjusted the removal damages also adjusted the total loss by fire. Appellee, in referring to the adjustment of the fire loss, testified: "In making adjustment of that removal damage, I did submit my books and accounts, as kept by Mr. Mason, to Mr. Davis, the adjuster."

And again: "For the removal damage we took inventory immediately after the removal, and had the ledger, and Mr. Davis, the adjuster, went over it and said it was satisfactory and he and me signed those statements as to the inventory at that time; then when we had the total loss, our records, most of them, were destroyed, and we had a copy of our invoices from January 24th up to

February 27th, from all the people we were dealing with, and we took those against our bank deposits, which were our sales  *  *  * and Mr. Davis stated to me that that was satisfactory, and I relied upon his statement."

The policy required an inventory at least once in each calendar year and within twelve months of the last preceding inventory if such has been taken, and provides, if such inventory has not been taken, one shall be taken within thirty days after the date of the policy, otherwise the entire policy shall be null and void. Appellant contended the policy was void because the inventory clause had not been complied with. The above evidence was admissible to show not only that an inventory had been taken about thirty days before the fire, but also to show a copy of same was furnished appellant's adjuster, and that said inventory, together with the invoices of goods purchased from January 24, 1928, the date of the removal damage, to February 27, 1928, the date of the fire loss, together with appellee's bank deposits during said period, were used by appellee and appellant's adjuster in arriving at the value of the property totally destroyed by fire. This we think was a reasonably accurate method of arriving at the value of the stock totally destroyed, and was at least sufficient to rebut appellant's contention that appellee's evidence that the value of the stock totally destroyed was $3,500 was a mere guess. Said evidence was admissible.

We have considered all of appellant's assignments, and, finding no reversible error, the judgment of the trial court is affirmed.